## SORRELLS *v.* SORRELLS.

1. There was no merit in the motion to dismiss the writ of error.
2. A married woman can not be made liable for the breach of a warranty of title contained in a deed executed jointly by her husband and herself, describing and undertaking to convey as one tract two separate and distinct parcels of land, one of which belonged to her and the other to him, when these facts were known to the grantee at the time he took the deed, and when it appears that the breach of warranty occurred by reason of the fact that he was compelled to pay off a mortgage given by the husband upon his parcel of the land before the execution of the joint conveyance.
3. Irrespective of other questions presented by the record, the verdict in the present case was, upon the undisputed facts thereof, contrary to law.

Argued June 13, — Decided July 21, 1898.

Action for breach of warranty. Before Judge Reese. Madison superior court. September term, 1897.

*David W. Meadow,* for plaintiff in error.
*John P. Shannon* and *R. H. Kinnebrew,* contra.

LUMPKIN, P. J.    A motion was made in this court to dismiss the writ of error. It was not well taken, and presented no new question.

On December 7, 1892, S. H. Sorrells and his wife, M. E. Sorrells, by their joint warranty-deed conveyed to H. P. Sorrells 129 acres of land, described in the deed as one tract. The record discloses that, in point of fact, S. H. Sorrells owned 50 acres of the land thus conveyed, and Mrs. Sorrells owned the remaining 79 acres. These parcels of land were priced separately, and H. P. Sorrells paid to S. H. Sorrells the price agreed upon for his 50 acres, and to Mrs. Sorrells the price agreed upon for her 79 acres. Her husband, previously to the

execution of this joint deed, had mortgaged his 50 acres to one Ginn. After the purchase by H. P. Sorrells from S. H. Sorrells and wife, the mortgage held by Ginn was foreclosed, and H. P. Sorrells was compelled to pay off the same in order to relieve from the encumbrance thereof the 50 acres of land. He then brought an action against S. H. Sorrells and his wife, for a breach of the covenant of warranty contained in their joint deed to him. The husband filed no defense. On the trial of this action, the above-stated facts were shown, and it also appeared that H. P. Sorrells, at the time he purchased the 129 acres of land, not only knew the facts concerning the ownership thereof, but that the joint deed was made at his special instance and request. The jury, under the charge of the court, returned a verdict in his favor against both of the defendants. Mrs. Sorrells moved for a new trial, and her motion was overruled.

Without dealing specifically with the grounds of this motion, it is sufficient to say that upon the undisputed facts of the case the verdict against Mrs. Sorrells was contrary to law and ought to have been set aside. A sale of her property under a judgment in favor of H. P. Sorrells would, in effect, be making the same liable for the payment of a "debt, default, or contract of the husband," which is forbidden by section 2474 of the Civil Code. She could, of course, bind herself by a contract warranting the title to the 79 acres of land which she owned and sold.; but to hold her liable upon her husband's warranty of title to the 50 acres owned and sold by him would be binding her, either upon a contract of suretyship, which section 2488 of the Civil Code declares would be absolutely void, or else would be adjudging her liable upon a contract for which there was no consideration whatever. In so far as the contract of warranty related to the 50 acres, it was absolutely void as to Mrs. Sorrells. We are therefore clearly of the opinion that the trial judge erred in overruling the motion for a new trial.

*Judgment reversed. All the Justices concurring.*