# Clark, Admrx. *v.* Dane,

## *Action of Assumpsit.*

1. *Promissory note; liability of joint maker and sureties between themselves.*—While on a note signed by several parties as co-makers, they are all, as between themselves and the payee, principals and bound severally and jointly for the full amount, as between themselves each is a principal to the extent of his share of the joint and several debt, and the others are as to such share sureties in equal proportion.

2. *Principal and surety; extension of time of payment to debtor discharges surety.*—A new contract entered into between a creditor and the principal debtor, without the consent of the surety, and founded upon a valuable consideration, by which the time of payment is extended, discharges the surety; and this is true, although the principal debtor was, at the time of entering into such contract, insolvent.

3. *Promissory note; liability of joint maker; discharge of sureties by extension of time.*—Where all of the joint makers of a note except one pay their share of the debt evidenced thereby, and upon the one who did not pay executing his note for his share, payable twelve months after date, secured by a mortgage and collateral security, one of the other joint makers, without the assent of the remaining co-makers, pays the share of the defaulting co-maker, the other joint makers are thereby discharged from all liability for contribution; and such release of the demand against such defaulting co-maker, coupled with the extension of time to him for the payment of his share of the indebtedness, discharges the other joint makers of the note, although by reason of the former's insolvency, or for other cause, such joint makers may not, in fact, have been injured by such release and extension of time.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was an action of assumpsit brought by the appellee, Rufus Dane, against Mrs. Lettice L. Clark, as administratrix of the estate of Gaylord B. Clark, deceased, to recover $286.83, an amount alleged to be due as a contribution upon a debt, paid by the plaintiff for and on account of defendant's intestate, which debt was evidenced by a promissory note signed by the plaintiff, defendant's intestate and others, as joint makers.

The defendant pleaded the general issue, payment, and the following special plea: "And for further special plea, the defendant says that she paid all the portion due by her intestate on the note described in said complaint, heretofore, to-wit: on the 20th day of November, 1894, to-wit: the sum of $739.61 on said day, and that the portion due by the estate of said Gaylord B. Clark was no more than said sum, and that the said plantiff with some others took notes from Francis B. Clark, Jr., deceased, for the amount he was liable for as a joint maker or co-surety on said note, said note from said F. B. Clark, Jr., being secured to plaintiff by a mortgage on some 160 acres of land, and also by to-wit: 37 shares of Mobile and Sheffield Real Estate Company, as additional security to said notes, which arrangement or settlement between said Dane and others and the said B. F. Clark, Jr., was in no way agreed to, or acquiesced in by this defendant, but was without her knowledge or consent in any way, wherefore this defendant says and pleads, that by such action of this plaintiff this defendant is relieved and discharged from all liability as co-surety with plaintiff for any amount paid out by plaintiff for F. B. Clark, Jr., as another of his co-sureties, and she pleads the above as a complete bar to plaintiff's demand." Demurerrs to the special plea were overruled, and thereupon the plaintiff filed the following special replication: "For reply to the third plea of defendant, plaintiff pleads and says that Francis B. Clark, Jr., made and execcuted his promissory note with stock attached, and made mortgage upon one hundred and sixty (160) acres of land, as alleged in said third plea; but all this was done in favor and for the benefit of this defendant, who refused to accept same or to

recognize the transaction in any way. And plaintiff avers that the said stock and note and mortgage were not made to this plaintiff and did not inure to his advantage or benefit, nor did the same result to the disadvantage or injury of defendant, and did not in any way extend the debt of F. B. Clark, Jr., owed to this defendant or this plaintiff as co-surety and co-maker of the note and judgment sued on in this case. Plaintiff further avers that said F. B. Clark, Jr., is now dead and his estate has been declared insolvent by the courts."

It was shown upon the trial of the case that on April 25, 1893, F. B. Clark, Jr., Rufus Dane, William Carney, Gaylord B. Clark, D. E. Smith, executed a note to W. H. McIntosh, trustee, for $7,015.47. This note was introduced in evidence. Subsequent to its execution, it was discounted, and the transferee thereof instituted suit on the said note. For the purpose of avoiding the judgment rendered against them, the makers of said note, with the exception of F. B. Clark, Jr., paid the note in full. Gaylord B. Clark's administratrix, the defendant in the present suit, paid the portion which was allotted as a portion to be paid by Gaylord B. Clark, with the exception of a small amount. The defendant refused to pay any portion of the indebtedness evidenced by the note which was allotted to be paid by F. B. Clark, Jr. Thereupon Rufus Dane, plaintiff in the present suit, and William Carney, paid F. B. Cark's portion of said indebtedness each of them paying one-half thereof. This suit of Dane's is to recover the amount paid by him of F. B. Clark's aliquot portion of said indebtedness.

It was shown by the evidence that the plaintiff Dane and W. H. McIntosh, trusteee, attended to the settlement of the indebtedness evidenced by said note, and that before F. B. Clark's portion of said indebtedness was paid they took from said Clark four notes for $375.51, payable twelve months after date, and had attached to each of these notes 37 shares of stock in the Mobile & Sheffield Railway Company as collateral security, and also took a mortgage on 160 acres of land as further security, and that upon the execution of the

notes and the mortgage Clark's indebtedenss was extended for twelve months.  It was further shown that this settlement was made without the knowledge or consent of the defendant, and that she declined to accept the notes executed by F. B. Clark, Jr., or to become a party to the transaction.  The other facts of the case are sufficiently stated in the opinion.

The charge of the court given *ex mero motu* is set out at length in the bill of exceptions.  The defendant separately excepted to the following portions of the court's general charge, which are numbered for convenience: (1.) "The plaintiff sets up in his replication that the stock and note and mortgage were not made to this plaintiff and did not inure to his advantage or injury of the defendant, and did not in any way extend the debt which F. B. Clark owed this defendant or this plaintiff as the co-surety and maker of the note sued on in this case.  So if you find from the evidence that that was not the effect of the taking of this note for $375 by Mr. Dane and the mortgage that it was not to extend the time for the payment of the debt due by Mr. Frank Clark, nor did the same result in any injury to Mrs. Clark, why then the plaintiff would be entitled to recover on the general law of contribution."  (2.)  "I say he would be entitled to recover unless you find from the evidence in the case that this debt of Mr. Clark's was extended by the taking of that note with the stock attached to it and the mortgage to secure it, and that that was done for the benefit of the plaintiff in this suit, and that it was of some injury or disadvantage of Mrs. Clark."  (3.)  "But if you find that the note and mortgage were not made to the plaintiff and did not inure to his benefit or advantage, nor did the same result to the disadvantage or injury of the defendant and did not in any way extend the debt which F. B. Clark owed this defendant, or this plaintiff as co-surety and co-maker of the note sued on in this case, why then the plaintiff would be entitled to recover whatever he had paid out for the estate, or rather one-half the amount of that note with the interest from the date of the note."  (4.)  "At all events you will give him a ver-

dict for the one-half of the $56.65, with interest from November 19, 1894, and if you find that the amount of Frank Clark was not extended and security taken for his benefit to the disadvantage and injury of Mrs. Clark, why then he should be entitled to recover the amount of one-half of that $375 note with interest from the date of the note." The defendant also excepted to the court's giving at the request of the plaintiff, the following written charge requested by him : "If the jury believes from the evidence that this plaintiff never agreed to extend that portion of the debt of F. B. Clark claimed to be due by estate of Gaylord B. Clark and that defendant never consented to such extension and suffered no injury therefrom, and that this plaintiff never got any benefit from such extension, then you should find for the plaintiff."

There were verdict and judgment for the plaintiff, fixing his recovery at $293.27. The defendant appeals, and assigns as error the court's giving the several portions of the general charge separately excepted to, and the giving of the charge requested by the plaintiff.

BESTOR & GRAY, for appellant, cited, *Cox v. Mobile & G. R. R. Co.,* 37 Ala. 324 ; *Howle v. Edwards,* 97 Ala. 655 ; *M. & M. R. R. Co. v. Brewer,* 76 Ala. 142.

McINTOSH & RICH, contra, cited Code, §§ 3982; 2 Daniel's Negotiable Instruments, 353, § 1340; *Ib.* 314, §§ 1296, 1297; 24 Am. & Eng. Ency. of Law, 833; *Howle v. Edwards,* 97 Ala. 655.

McCLELLAN, C. J.—For convenience of statement we will assume that the note executed by Dane, Carney, Francis B. Clark and Gaylord B. Clark was for $4,000, and that these were the only makers. As between them and McIntosh, the payee, they were all principals, of course, and bound severally and jointly for the full amount of the paper. But as among themselves each was principal to the extent of $1,000, his share of the joint and several debt, and the others were as to such share sureties, each to the extent of one-

third thereof.—*Goodall v. Wentworth,* 20 Me. 322; *Owen v. McGehec,* 61 Ala. 440; *Bragy v. Patterson,* 85 Ala. 233. Therefore, when Carney and Dane, after they and Gaylord B. Clark had each paid their shares, $1,000, respectively, were coerced further to pay the $1,000 share of Francis B. Clark, the latter was their principal debtor to the amount of said $1,000, and Gaylord B. Clark was surety upon Francis B. Clark's indebtedness to Carney and Dane to the extent of $333.33 1-3: they had a right of action, in other words, against Francis B. as principal for the $1,000, and against Gaylord B. for one-third of that sum as surety for Francis B. And had Carney and Dane recovered any part of the $1,000 from Francis B., $500 for instance, Gaylord's liability as surety to them would have been reduced proportionately so as that he would have been bound for one-third only of the balance unrecovered, in the instance given, one-third of the $500 remaining unpaid by Francis B. And so, of course, on full recovery from Francis B. Gaylord would have been free from obligation in the premises. Francis B.'s $1,000 was due to Carney and Dane the moment they paid it for him to McIntosh. They did not, however, prosecute their demand against him to a return of "no property," or at all; but instead extended two-thirds of the debt for twelve months upon valuable consideration, and in effect, so far as they and he were concerned, released the remaining one-third, intending to look to Gaylord B. for the payment of it; and this suit is by Dane against Gaylord B. for the former's moiety of that one-third. With the exceptions that the amounts are not as we have stated them, and that there seems to have been a fifth obligor in some form on the note to McIntosh, the foregoing is in substance the case at bar. Dane and Carney had Francis B. Clark to execute four several notes each for one-fourth of his share of the original debt, each payable one year after date, and payable respectively to Dane, Carney, Gaylord B. Clark and to Smith, who was the fifth obligor on the original note, had him to attach to each note certain shares of stock as collateral security and to further secure the same

had him execute a mortgage, maturing twelve months after its date, conveying an interest in certain lands to McIntosh as trustee for themselves, Gaylord B. Clark and Smith. Gaylord B. Clark never assented to, or acquiesced in, or in any way became a party to or bound by this transaction, but to the contrary expressly rejected it. Dane and Carney by this arrangement disabled themselves to ever proceed against Francis B. Clark except for that part of his debt evidenced by his notes to them respectively, and as to that part they disabled themselves to go upon him for a year: extended that part of his debt on valuable consideration for that length of time. On all the authorities this release of their demand against the principal Francis B. Clark in part, coupled with this extension of time for payment of the residue without the assent of Gaylord B. Clark, the surety to them of Francis B. as to a part of their claim, discharged Gaylord B. from all liability to them whether Francis B. was insolvent or not, and though the former because of the latter's insolvency or for other cause may not in fact have been injured by such release as to a part and extension of time of payment as to the rest of the debt owed by Francis B. Clark to them.—*Cox v. Mobile & Girard Railroad Co.*, 37 Ala. 320; *Mobile & Montgomery R'y Co. v. Brewer*, 76 Ala. 135; *Howle v. Edwards*, 97 Ala. 649.

Several parts of the court's general charge to the jury to which exceptions were reserved, and the charge given at plaintiff's request are not in line with the foregoing views.

We do not find that plaintiff's replication to the third plea was proved on the trial, as counsel for appellee contend, nor can we concur with them in the statement that the bill of exceptions does not purport to set out all the evidence. They have overlooked the statement embodied therein at the close of plaintiff's evidence in rebuttal: "This being all the evidence in the cause, the court charged the jury as follows:"

For the errors referred to above the judgment of the circuit court is reversed. The cause will be remanded,

Reversed and remanded.