*W. H. Underwood,* contra.

---

2677. ASHBURN, executrix, *v.* WATSON.

1. Where the plaintiff in ejectment or complaint for land has a warrantor and notifies him of the bringing of the suit, and the action fails on its merits, and not because of any defense which has become available to the defendant since the execution of the warranty, a judgment for the defendant is evidence of a breach of the warranty, in a subsequent action brought by the plaintiff against the warrantor.

2. Except as to persons who by law are forbidden to make contracts of suretyship (such as married women), the effect of two or more persons executing a deed containing a general clause of warranty is, in the absence of fraud, accident, or mistake, to make them joint warrantors, irrespective of which of the signers may have been the actual seller of the land in question.

Decided January 24; 1911.

Action for breach of warranty; from city court of Thomasville— Judge Hammond. March 26, 1910.

*Shipp & Kline,* for plaintiff. *Roscoe Luke,* for defendant.

Powell, J. Mrs. Ashburn, as the executrix of the estate of W. W. Ashburn, sued A. M. Watson for the breach of a warranty contained in a deed executed by him and A. T. MacIntyre Jr. to W. W. Ashburn, on November 5, 1890. This deed conveyed a number of tracts of land, including the tract in question, and contained a general warranty clause. The plaintiff proved that he had never been in possession of the property; that he, in March, 1904, finding one John Morrison in possession of the property, had filed a complaint for land in the superior court of the county in which the land lay, against John Morrison, seeking to recover the land and the

mesne profits. Before bringing this suit he served on Watson (MacIntyre, his other warrantor, having died in the meantime) a notice in the following form: "To A. M. Watson: The southeast quarter (122½ acres more or less) of lot of land number three hundred and twelve (312) in the eighth (8th) land district of Colquitt county, Georgia, was, on July 15, 1890, deeded me by a general warranty deed signed by you and A. T. MacIntyre Jr. This land is now in the possession of John Morrison, of Colquitt county, Georgia, and you nor MacIntyre never turned over to me sufficient deeds and titles to oust said Morrison. I ask you for sufficient deeds to recover this land, or for a return of the consideration paid you, together with the legal rate of interest thereon. I beg to notify you that it is my intention to file suit for this land, returnable to the April term, 1904, of the superior court of Colquitt county, and ask you to furnish me with sufficient deeds to prevail in said suit. This 24th day of February, 1904. W. W. Ashburn." The action thus instituted against Morrison came on for a hearing, and, after the introduction of the plaintiff's evidence, resulted in a nonsuit. It affirmatively appeared that Morrison did not rely upon prescription, but that the nonsuit resulted from the failure of Ashburn to show sufficient title through the conveyance which had been furnished him by MacIntyre and Watson.

The defendant in the present case merely proved, or attempted to prove, that at some date in the past MacIntyre had had possession of the land. It did not appear that MacIntyre's possession had ever ripened into prescriptive title, or continued up to the time of the making of the deed to Ashburn, or was unabandoned at the time that Morrison took possession.

Section 5234 of the Civil Code of 1895 merely states a general common-law doctrine when it declares that "Where a defendant may have a remedy over against another, and vouches him into court, by giving notice of the pendency of the suit, the judgment rendered therein will be conclusive upon the party vouched, as to the amount and right of the plaintiff to recover." Usually the defendant in a suit for land is the one who has to look to his warrantors for recourse; and this code section, so far as its literal terms are concerned, speaks only of this phase of the general principle. However, it is equally true that where a vendee under warranty is not admitted into possession of the land and has to bring an action

for its recovery, he may vouch his warrantor, with the effect that a judgment in an action brought for the recovery of the land becomes binding on the warrantor to the same extent as if he were a party. This is clearly and unequivocally announced in *Gragg* v. *Richardson,* 25 *Ga.* 566 (71 Am. D. 190). See also *Taylor* v. *Allen,* 131 *Ga.* 416 (62 S. E. 291). The introduction of a deed containing a warranty, with evidence of notice to the warrantor of the bringing of the suit and of judgment adverse to the plaintiff, makes a prima facie case of breach of the warranty. It would be competent for the warrantor, when sued, to show that the plaintiff's failure to recover resulted from matters which had come about subsequently to the execution of the warranty deed; for example, that the plaintiff had allowed the defendant in the former action to ripen a prescriptive title to the land, or that he had allowed a prior possession upon which the warrantor and his vendees might have recovered, to become abandoned, so that no recovery could be based upon it. In the present case it affirmatively appears that Ashburn's action against Morrison was not unsuccessful because of any prescriptive title asserted by Morrison, but solely because of Ashburn's lack of title. Further, Watson might have been successful in his defense if he had shown that he or MacIntyre had had possession of the land at the time they made the deed to Ashburn, and that the latter allowed the possession to become abandoned. For, except as to the true owner and other persons who can show a lawful right of entry, possession is, generally speaking, equivalent to title. A possession, unless it is accompanied with title itself, loses its value as property, and its quality as title, whenever it is abandoned. As we have said above, the evidence introduced by the defendant along this line was too indefinite and too lacking in particularity to overcome the prima facie case made by the plaintiff upon the introduction of proof of the warranty and of the notice to the warrantor and of the adverse judgment in the complaint for land.

It will be noticed that the deed from MacIntyre and Watson to Ashburn was dated November 5, 1890, and that in the notice served upon Watson, and set out above, the date of this deed is alleged as July 15, 1890. The defendant in error asserts the materiality of this variance. The maxim, "utile per inutile non vitiatur," controls the point. There is no special form for vouching a warrantor.

Notice of the suit and opportunity to defend are the elements essential to make the judgment in the land case evidentiary of the breach, in the suit on the warranty. The notice, in this case, though it misstated the date of the deed and of the warranty, informed Watson that John Morrison was in possession of the land; that a suit was about to be brought to recover it; and he was expressly called upon to furnish the evidence essential to a recovery. As to every material and important thing, he was fully notified. It was not necessary to call his attention to the fact that he had made a warranty, because that was a matter as to which he was charged with knowledge, since it was his own act. Reference to the date of the warranty was, under the circumstances, pure surplusage.

2. It would be a defense to a warrantor to show that his contract of warranty was, for any sufficient reason, void, or otherwise legally unenforceable. It is asserted in this case that since MacIntyre was the claimant to this particular piece of land, and as Watson joined with MacIntyre in the execution of a single deed conveying a great many tracts, merely as a matter of convenience, and received none of the particular money that was paid for this special piece of land, the warranty as to him and as to this particular piece of land is without consideration. The point is not well taken. A contract may be supported by adequate consideration as against a promisor under it who never receives any part of the consideration. This is hornbook law—the most elementary. The consideration for the warranty was the purchase price paid by Ashburn for the land. When two or more persons sign a deed containing a general clause of warranty, which does not express any limitation or exception, the signers of the deed become liable to the grantee as joint warrantors. There are some exceptions to this rule, as where one of the makers of the deed is a married woman, or other person forbidden by law to make contracts of suretyship (see *Sorrells* v. *Sorrells*, 105 *Ga.* 36 (31 S. E. 119)); for, as to the land which a particular signer is not selling, and from the sale of which he receives none of the purchase-money, the contract of warranty is, as to that signer, in the nature of a contract of suretyship. No reason appears in this case why Watson was not legally competent to become surety with MacIntyre upon the warranty of the title to the land the latter was selling; and as MacIntyre was dead at the date of the filing of the present suit, there

was no reason why Watson alone should not be held liable upon the contract. We conclude, therefore, that the court erred in rendering judgment in favor of the defendant.           *Judgment reversed.*