## STRICKLAND *et al.* v. JOLLY.

1. The general demurrer to the petition was properly overruled.
2. The special demurrers to so much of the petition as sought to restrain the directors of the defendant corporation from holding a meeting for the purpose of electing a successor to the plaintiff, who was holding over beyond the term for which he had been elected, should have been sustained.

SEPTEMBER 26, 1911.

Equitable petition. Before Judge Fite. Bartow superior court. July 12, 1910.

The defendant in error filed a petition alleging: that he owns one fifth of the capital stock of the Cartersville Grocery Company, and the defendants, E. Strickland Sr., E. Strickland Jr., and A. Strickland, own the other four fifths; that, owing to the existence of friction between himself and E. Strickland Sr., it became impossible for the business of the corporation to be conducted to its best interests, and petitioner consented to sever his connection with the company by a sale of his entire interest to E. Strickland Sr., on terms proposed by the latter, but said Strickland refused to comply with his proposition and to consummate the purchase; that later "it was agreed between all the parties hereto, representing all of the stock of said company, that said corporation would convert all its assets into cash as soon as possible, pay the debts of said corporation, dissolve the corporation, and divide up the net balance between the stockholders thereof in proportion to the amount of stock held by each;" that a sale was consummated by the parties, and it was on the faith of this verbal agreement that petitioner signed the contract which was made with the purchasers, H. J. Smith and S. J. Hall, whom he induced to come to Cartersville for this purpose, selling to them all of the stock of goods of the Cartersville Grocery Company, except such as was damaged and on which a price could not be agreed between the parties, together with other holdings of the company, and more than half of the company's ac-

counts receivable; that at the instance of E. Strickland Sr., the plaintiff made a contract with such purchasers to enter their employment, but that this should not interfere with the discharge of his duties as secretary and treasurer so long as necessary for the winding up of the Cartersville Grocery Company; that petitioner has sought by every means to induce E. Strickland Sr. to consent to some practicable method of collection of such of the accounts as were not included in the sale to Smith and Hall, and to a disposition of the small amount of stock which was withheld from the operation of said sale, and a distribution among the stockholders of the net sum remaining after the payment of all debts, but said Strickland has refused to give his consent to any agreement with reference thereto. Petitioner is informed and believes that E. Strickland Sr. and E. Strickland Jr. have very recently ordered goods shipped to Cartersville Grocery Company, in defiance of and in violation of the verbal contract between petitioner and the other stockholders, as above stated. He alleges that he is secretary and treasurer of the defendant corporation, his term of office, by common consent of all the stockholders, continuing since the date provided by the by-laws for the last annual meeting of the stockholders, there having been no meeting at that time for the election of officers. He prays, that E. Strickland Sr. and E. Strickland Jr. be restrained and enjoined from making any contracts or obligations in the name of or on the part of the Cartersville Grocery Company; that defendants be restrained from holding any stockholders' or directors' meetings, or from attempting to elect any individual or party as director or as secretary and treasurer of the corporation, in lieu of petitioner; that all of said parties be enjoined from paying out any of the funds of said corporation, except by check signed by E. Strickland Jr., manager, and by petitioner as secretary and treasurer; that provision be made for the collection of the accounts and the sale of the stock of goods excepted from the sale made to Smith and Hall; and that the agreement heretofore entered into by and between the stockholders be required to be strictly performed.

The defendants filed their demurrer, on grounds general and special, which was overruled, and they excepted.

*John T. Norris,* for plaintiffs in error.

*Maddox, McCamy & Shumate,* contra.

Beck, J.    (After stating the facts.)

1.    The court below did not err in refusing to sustain a general demurrer to the plaintiff's petition.    While the directors of the corporation, at the time of acting upon the proposition of selling and closing out the business in which they were engaged at a time when it appeared that the differences and internal troubles of the corporation were such as to render the further carrying on of the business unprofitable, were not assembled in a regular meeting or in a special meeting formally called, still all the directors and the stockholders were conferring together, and the action taken was by the consent of every one of the stockholders and directors. And having, under these circumstances, agreed and consented to wind up and close out the business of the corporation, where subsequently, in pursuance of this action of the directors, a sale of all the stock of goods, except such as was damaged and on which a price could not be agreed between the parties, was made to a party who became the purchaser thereof, the corporation could not, over the objection of the plaintiff, he being a stockholder and director in the corporation, continue the business with the remnant of the stock of goods not included in the sale because of the damaged and unsalable character of the remnant, and should not be permitted to do so, or to make other purchases, thereby adding to the remnant so reserved; but in good faith the agreement made among the entire body of directors and stockholders should be carried out to its final completion by the entire disposal of the remnant of the stock of goods reserved for the reasons stated above, when the business was practically closed by the sale of the bulk of the goods.    This is in the main what the plaintiff seeks by his petition, and these main principles of the suit can be accomplished without any order dissolving the incorporation; and the petition, by the overruling of the general demurrer, was properly retained.    See, in this connection, 3 Clark & Marshall on Private Corporations, § 644; 21 Am. & Eng. Enc. L. 865-6.

2.    While we have held that the grounds of demurrer which are general in their character were properly overruled, we are of the opinion that the court should have sustained the special demurrer to so much of the petition and the prayers thereof as sought to prevent the corporation from holding a meeting for the purpose of electing a secretary and treasurer; as it appears that the plaintiff

was holding over beyond his term as the incumbent of that office, and no reason appears why he should continue in the office beyond the expiration of his regular term.   Direction is given that such special demurrer be sustained, and so much of the petition as seeks to prevent a meeting of the directors for the purpose just stated be stricken.

The other special demurrers were without merit, and the court did not err in overruling them.   The extent of the interlocutory injunction granted is not brought under review by this bill of exceptions.   Neither does this case involve any question of the rights of creditors.   No creditor is proceeding, and a proper decree can be entered. as to corporate debts.   The question raised is between the plaintiff, the corporation, and the other individuals constituting all the stockholders and directors thereof.

*Judgment affirmed, with direction.   All the Justices concur.*