# Rankin, *et al. v.* McCleery.

## *Assumpsit.*

(Decided Jan. 9, 1912. 57 South. 599.)

1. *Contract; Endorsee of Bankrupt; Agreement Between; Effect.* —A bankrupt was indebted to a plaintiff and defendant and a co-defendant, who, as endorsees of the bankrupt, paid his note. The defendant and co-defendant filed a claim against the bankrupt, and plaintiff did not, because of an agreement between him and defendant and co-defendant that each should have a third of any dividend paid on the claim. The negotiations resulting in the agreement

[Rankin, et al. v. McCleery.]

were conducted by plaintiff and defendant, alone, but the co-defendant signed the agreement with the defendant. It is held that the obligation thus created was a joint and several one of the defendant and co-defendant, and plaintiff was entitled to a judgment against the co-defendant although he had received only one-third of the claim allowed, and the defendant had collected the two-thirds.

2. *Contract; Consideration.*—The forbearance of a plaintiff to file a claim against the bankrupt's estate for his share of the joint claim and permitting the entire amount to be collected under the claim filed by the other owners of the joint claim, was a sufficient consideration to support an agreement by defendant and co-defendant to pay plaintiff one-third of the dividends paid.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Assumpsit by George McCleery against J. W. Rankin and another. Judgment for plaintiff and defendants appeal. Affirmed.

CABAMISS & BOWIE, and H. H. GOLDSTEIN, for appellant. The writing set out and upon which recovery was had does not constitute a contract as to Morris, but is merely written evidence of a state of facts. If said writing can be fairly construed as constituting a contract, the same is unenforceable as to appellant Morris, for that there was no consideration for the same as between McCleery and this appellant.—6 Am. & Eng. Enc. of Law 688; 9 Cyc. 343; *Deacon v. Gridley*, 28 Sng. Law & Equity, 345; *Mecorney v. Stanley*, 8 Cush 85; *Manter v. Churchill*, 127 Mass. 31; *Violett v. Patton*, 5 Cranch 142; *Johnson v. Wabash College*, 2 Ind. 555; *Owings Case*, 17 Am. Dec. 311.

NATHAN L. MILLER, for appellant. The words of the written contract sued on in this cause are clear, plain and unambiguous, and there is no room for construction. The law looks to what the parties have said as expressing their real intention.—*Lee v. Cochran*, 157 Ala. 311; 9 Cyc. 578. Joint makers of contracts for the payment of money are bound jointly and severally to the

payee, transferee or holder for the full amount due.—
Code 5384. Nothing remaining to be done under the
contract except the payment to appellee by appellants
of money due him, appellee was entitled to recover on
the common counts.—*Birmingham & Atlantic R. R. Co.
v. Maddox,* 155 Ala. 292. While the evidence shows a
consideration for the contract as between McCleery and
both appellants, the contract being made by them joint-
ly, it was not necessary that the consideration should
move to both of them. It is sufficient if it move to
either of them.—6 Am. & Eng. Enc. 687. The written
contract sued on is itself evidence of a sufficient consid-
eration, and if appellant Morris desired to impeach said
contract, the burden was on him to plead and prove a
lack of consideration.—Code, 3966; *Martin v. Foster,*
83 Ala., 213. The appellant not having filed any plea in
the lower court impeaching the written contract sued
on, on the ground that there was no consideration for
same, this Court will not consider that question, raised
for the first time by the second brief for appellants in
this Court.—2 Cyc. 666; *Birmingham Loan & Auction
Co. v. 1st Natl. Bk.,* 100 Ala. 249; *Crenshaw Co. v.
Fleming,* 109 Ala. 554. The finding of the trial court
on the facts will not be disturbed on appeal unless the
verdict is plainly contrary to the great weight of the
evidence.—*Cefalu v. Dearborn,* 162 Ala. 125; *Jenkins v.
McGeever,* 162 Ala. 305; *Fulton v. Norris,* 162 Ala. 102;
*McEntyre Lbr. Co. v. Jackson Lbr. Co.,* 165 Ala. 268;
*Montgomery Elks v. Massie,* 159 Ala. 437.

PELHAM, J.—The appellee, George McCleery, as
plaintiff in the court below, instituted a suit in as-
sumpsit against J. W. Rankin and L. C. Morris, de-
fendants, and the case was tried before the court with-
out a jury, and judgment was rendered for the appellee,

plaintiff, against both defendants,. and an appeal was taken by the defendant L. C. Morris alone; the record being amended by agreement so as to show the appeal to have been taken by both defendants, a severance granted, separate assignments of errors by the appellant L. C. Morris, and a waiver of the right to assign errors entered of record by J. W. Rankin, the co-defendant with Morris in the court below.

The suit was brought by plaintiff to recover of the defendants the sum of $490, claimed by plaintiff to be due from the defendants as the pro rata share (one-third) of the sum collected on a claim filed in the name of Rankin and Morris in a bankruptcy proceeding in the matter of the Rankin-Tuck Paint Company, which company was subsequently declared a bankrupt, and a compromise agreement effected, and a 30 per cent. dividend paid to creditors. Prior to being adjudged a bankrupt, the Rankin-Tuck Paint Company was indebted to J. W. Rankin, L. C. Morris, and the appellee, George McCleery, in the sum of $4,900; the said indebtedness having accrued on account of these parties joint indorsement of the note of the Rankin-Tuck Paint Company in the sum of $5,000, of which amount $100 was paid by the maker, leaving a balance of $4,900, which was paid by the indorsers, Rankin, Morris, and McCleery; each party paying an equal proportion.

A claim was filed for this indebtedness due to Rankin, Morris, and McCleery by the Rankin-Tuck Paint Company in the bankruptcy proceeding by J. W. Rankin, in the name of J. W. Rankin and L. C. Morris,. and upon this claim a dividend of 30 per cent. was declared and $1,470 paid. It is to recover one-third of this sum ($490) that appellee brought his action in the lower court, and recovered judgment against J. W. Rankin

and L. C. Morris, from which judgment this appeal is prosecuted by the defendant L. C. Morris.

The evidence set out in the bill of exceptions shows that after proceedings in bankruptcy were instituted negotiations were had between the co-indorsers, who had paid the note of the company, looking to filing a claim in the bankruptcy court where the proceedings were pending, and that Rankin, in behalf of himself and Morris, did file such a claim for the entire amount due all three of the indorsers, but did not include McCleery as a party in the transaction. The evidence is in conflict as to why Rankin filed the claim for the entire interest of himself and the other two parties, and failed to include McCleery as a party in interest; but after McCleery found out he had not been included in the claim filed, he went to Rankin and protested, claiming that he had authorized Rankin to include his interest in the claim filed, and informed him (Rankin) that he (McCleery) would file a claim against the bankrupt estate in the bankruptcy court where the proceedings were pending for his pro rata share, or one-third interest. The evidence is in conflict as to what was said between Rankin and McCleery; but, after McCleery had discussed this matter with Rankin, he (McCleery) desisted from filing a claim against the bankrupt, the Rankin-Tuck Paint Company, in the bankruptcy court for the pro rata share he had paid as an indorser on the note of the bankrupt, and took from Rankin and Morris the following agreement in writing: "Birmingham, Ala., May 2, 1908. Mr. Geo. McCleery: In case a compromise is made in the Rankin-Tuck Paint Company matter, and we receive any dividend on our claim of $4,900, we will prorate the same with you; each of us taking a third, and you taking a third. J. W. Rankin, L. C. Morris."

The negotiations between McCleery and Rankin, which resulted in McCleery's taking the above agreement and not filing his claim in the bankruptcy court, were conducted by the parties (McCleery and Rankin) alone, Morris not being present, but the contract or agreement entered into with McCleery as a result of the negotiations was signed by both Rankin and Morris, Morris being as much a party to the written instrument that was the termination of the negotiations which resulted in McCleery's not filing his claim as Rankin; and as we construe the contract it creates a joint and several liability on Rankin and Morris to pay McCleery a pro rata, or one-third interest of any dividend received on the claim filed in the name of Rankin and Morris in case of a compromise being effected in the bankruptcy proceedings and a dividend paid on their joint claim. This claim, filed by Rankin and Morris, or by Rankin for himself and Morris, in the name of both parties, and clearly by the authority of Morris, included the interest, or pro rata share, of McCleery in the $4,900, for which McCleery did not file a claim or set up his rights in the proceedings in bankruptcy, but forbore to do so, relying on the joint agreement of Rankin and Morris to prorate with him, and specifically providing that McCleery should receive one-third of any dividend that might be paid on the claim. The contingency happened, a compromise settlement of the bankrupt company's affairs was effected, and a dividend of 30 per cent. was paid on the claim filed by Rankin and Morris, amounting to $1,470. It makes no difference, under the issues involved in this suit, that the check given in payment of the dividend on the joint claim of Rankin and Morris, was turned over to Rankin and collected by him, and that he paid Morris only his pro rata share, or one-third, of the amount, and retains the other two-

thirds, for Rankin and Morris were jointly and severally bound under the terms of their contract with McCleery to prorate the amount paid in compromise of the claim and pay McCleery his pro rata share of one-third of the amount. The obligation being joint and several, the lower court properly rendered judgment against both defendants, as they were alike liable to plaintiff as joint obligors.—Code 1907, § 5384; 9 Cyc. p. 956 et seq.; *Clark v. Dane,* 128 Ala. 122, 28 South. 960.

The evidence before the court was sufficient to authorize the conclusion that Rankin was acting for Morris and by his authority in filing the claim in the bankruptcy proceedings and in collecting the dividend paid on the claim, and Morris subsequently adopted it by receiving benefits under it. The forbearance of McCleery to file a claim for his share and allow the entire amount, including his interest, to be collected under the claim filed by Rankin and Morris, or by Rankin for himself and Morris, with consent of Morris, is a sufficient consideration to support the contract.—*Pollak v. Billing,* 131 Ala. 519, 32 South. 639; *Ashburn v. Watson,* 8 Ga. App. 566, 70 S. E. 19; *Sanford v. Huxford,* 32 Mich. 313, 20 Am. Rep. 647.

There was no error committed by the court in entering judgment against the appellant Morris on the evidence adduced on the trial in the court below, and the case is affirmed.

Affirmed.