31214. WILLIAMS *v.* PAUL F. BEICH COMPANY..

DECIDED OCTOBER 22, 1946.

*John A. Fort,* for plaintiff in error.

*H. B. Williams, R. L. Maynard,* contra.

MacIntyre, J. The sole exception here is that the evidence did not authorize the verdict. The evidence showed that the defendant ordered and received the merchandise, "candies," described in the petition. This made out a prima facie case for the plaintiff. The defendant contended in his answer that the consideration had failed, in that the said consideration was merchandise which by implication of law was warranted as suitable for the use intended, and that the candy was not thus suited to such use.

The defendant testified that the candy was not reasonably suited for the purposes for which it was intended; and contends that such testimony was positive and uncontradicted, that it was unimpeached, and that it established his defense. The rule, that "A defense established by the positive and uncontradicted testimony of unimpeached witnesses can not lawfully be arbitrarily disregarded," is a sound proposition of law. "The jury can not arbitrarily disregard the evidence of any witness, which is not contradicted or discredited by other evidence or circumstances. The jury should regard the testimony of every witness sworn. They are not obliged to believe it, but it is their duty to give to the evidence of witnesses the weight to which, in their opinion as conscientious men seeking after the truth, they believe it is entitled." In considering the testimony of a witness, the jury may take into consideration his appearance or his demeanor or his manner upon the stand, but the mere fact that he is the defendant and interested in the result of the outcome of the case affords no reason why his evidence should arbitrarily or without reason be disregarded. *Hav-*

*erty Furniture Co.* v. *Calhoun,* 15 *Ga. App.* 620, 621 (84 S. E. 138) ; *Lankford* v. *Holton,* 187 *Ga.* 94, 102 (200 S. E. 243) ; *New York Life Insurance Co.* v. *Jennings,* 61 *Ga. App.* 557, 564 (6 S. E. 2d, 431). It is often difficult to decide when a witness is in a legal sense uncontradicted. "He may be contradicted by circumstances as well as by statements of others contrary to his own. In such cases courts and juries are not bound to refrain from exercising their judgment, and to blindly adopt the statement of a witness, for the simple reason that no other witness has denied them, and that the character of the witness is not impeached." *Goldwire* v. *State,* 56 *Ga. App.* 379 (192 S. E. 643). The jury is not bound "in every case to accept the literal statements of a witness before it merely because such statements are not contradicted by direct evidence. Implications inconsistent with the testimony may arise from the proved facts ; and in still other ways the question of what is the truth may remain as an issue of fact despite uncontradicted evidence in regard thereto." *Cooper* v. *Lumbermen's Mutual Casualty Co.,* 179 *Ga.* 256, 261 (175 S. E. 577). However, it must be noted in the instant case that the defendant introduced in evidence some of the candy, which the jury carried out to the jury room. While it is correct that the defendant did testify positively that the candy was not suited to the use intended, yet he introduced in evidence a box of the candy in question and some of the loose sticks of such candy. It seems to us that the jury had the right to consider the candy introduced as a sample of the candy sold, and to find that all of the other candy sold was of the same kind and quality as that introduced in evidence ; and from the inspection of the candy thus introduced and examined by them, they were authorized to find that the candy was reasonably suited for the use for which it was intended.

We can not say that the finding of the jury was based on a mere surmise or conjecture and not upon an inference resting upon a premise of fact ; such premise of fact being an observed condition of the sample of the candy in question which they examined and tested. The jury could, if they saw fit, have drawn a conclusion based upon reason that the candy was suited for the use intended or, in other words, they were authorized to infer or find that it was a reasonable deduction from the evidence that the candy was rea-

sonably suited for the use intended. We are constrained to hold that the evidence authorized the verdict. *Wilson* v. *Barnard,* 10 *Ga. App.* 98 (8) (72 S. E. 943).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*