## 42048. HAYGOOD et al. v. THE STEVENSON COMPANY, INC.

BELL, Presiding Judge. The Stevenson Company brought this suit upon a promissory note against Mr. and Mrs. I. E. Haygood, Jr., as makers. Upon the trial it was proved without dispute that on January 22, 1962, John H. West, acting as plaintiff's agent, negotiated a transaction with defendants, by which defendants on that date granted plaintiff an option for a period of one year to purchase certain land. Plaintiff paid defendants for the option the sum of $2,480. On January 11, 1963, defendant I. E. Haygood, Jr., agreed with West to extend the option for an additional period of one year. For this purpose West and Haygood initialed appropriate alterations on the face of the option contract, and West gave Haygood a check drawn on the plaintiff for $1,000 and made pay-

able only to Mr. Haygood. Mrs. Haygood never received any of the proceeds from this check. On November 1, 1963, Mr. and Mrs. Haygood and plaintiff, acting through West, mutually rescinded the option contract, and West mutilated the written agreement. In return for release from this obligation, Mr. and Mrs. Haygood gave their note made payable to West in the amount of $3,790.40, which included the amounts of $2,480 and $1,000 plus interest on each amount from the date it was paid to defendants in the preceding transactions until maturity of the note. West transferred the note by indorsement to plaintiff. Defendants asserted for defense want of consideration. *Held:*

*Code Ann.* § 109A-3—307 (2) provides: "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." See Comment 2, Uniform Commercial Code (U. L. A.) § 3-307, which states: "Once signatures are proved or admitted, a holder makes out his case by mere production of the instrument, and is entitled to recover in the absence of any further evidence. The defendant has the burden of establishing any and all defenses, not only in the first instance but by a preponderance of the total evidence." So far as can be determined from the evidence in the record, the alteration of the original option contract would have been effective to extend the time for exercise of the option as to Mr. Haygood's interest in the land. Thus it cannot be disputed that the note was supported by consideration as to him, namely, rescission of the extended option agreement. Whether or not the alteration was effective to extend the time for exercise of the option as to Mrs. Haygood's interest in the land would depend upon whether her husband had authority to act as her agent to effect the modification of the original agreement. But the evidence failed to show whether or not Mr. Haygood had authority to act in his wife's behalf, and therefore, it failed to show that Mrs. Haygood did not receive a consideration through rescission of the option moving directly and personally to her. However, assuming arguendo that the modification of the original option was ineffective as to the wife's interest in the land, nevertheless rescission of the modified agreement covering only her husband's interest in the land would have amounted to a full legal consideration supporting her obligation upon the note. "A contract may

be supported by adequate consideration as against a promisor under it who never receives any part of the consideration. This is hornbook law—the most elementary." *Ashburn v. Watson,* 8 Ga. App. 566, 569 (70 SE 19). Defendants failed to carry the burden of establishing their defense.

With respect to defendants' contention that if there was consideration for the note it was an illegal consideration, this issue was neither made by the pleadings nor supported by the evidence, and does not permit discussion.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

SUBMITTED JUNE 9, 1966—DECIDED SEPTEMBER 23, 1966.

*Adams, O'Neal, Steele, Thornton & Hemingway, H. T. O'Neal, Jr., John M. Hancock, Jr.,* for appellants.

*Jones, Sparks, Benton & Cork, Frank C. Jones, Timothy K. Adams,* for appellee.