## 43867. FIRST JEWELERS, INC. v. ROSEN.

BELL, Presiding Judge. Sidney Rosen brought this suit as payee on a $5,500 note against First Jewelers, Inc. as maker. Defendant's answer admitted execution of the note and pleaded want of consideration. Plaintiff then amended his petition, alleging that in addition to making the note set out in the original complaint defendant had agreed to pay a promissory note made by plaintiff payable to Cobb Exchange Bank of Marietta in the principal sum of $3,000, due April 9, 1967, and that defendant had failed to pay this assumed indebtedness when due. Defendant took this appeal from the grant of summary judgment for plaintiff.

On May 11, 1967, plaintiff and Nathan Feldman were the only persons owning an interest in the corporation and were the only members of defendant's board of directors, the third member having resigned, leaving an unfilled vacancy. On that day plaintiff and Feldman convened "a special joint meeting of the stockholders and board of directors." The minutes of this meeting contain a resolution stating that plaintiff and Feldman were the owners of all the outstanding stock in three corporations including defendant, that plaintiff had offered to sell all his interest in the three corporations to Feldman, and that the three corporations would purchase plaintiff's interest by execution of the note sued on and assumption of certain debts incurred personally by plaintiff to

obtain funds for use of the corporations. The note sued on was executed by each of the three corporations as joint makers. *Held:*

The evidence considered on motion for summary judgment showed without dispute that plaintiff owned an interest in the defendant corporation, having participated actively with Feldman as one having a proprietary interest and having placed funds in the treasury for conduct of the corporate business. The mere fact that no stock had formally issued to plaintiff did not preclude a proprietary interest in him. See *Ga. Life Ins. Co. v. Bell,* 141 Ga. 502, 507 (80 SE 765). The note and assumption of plaintiff's debt to Cobb Exchange Bank were supported by consideration as to defendant notwithstanding that plaintiff assigned his interest in the defendant corporation to Feldman and not directly to the corporation. "A contract may be supported by adequate consideration as against a promisor under it who never receives any part of the consideration. This is hornbook law— the most elementary." *Ashburn v. Watson,* 8 Ga. App. 566, 569 (70 SE 19); *Haygood v. Stevenson Co.,* 114 Ga. App. 335, 336 (151 SE2d 462). *Code Ann.* § 22-1828 (c) (Ga. L. 1937-38, Ex. Sess., pp. 214, 223) is not relevant, as the transaction was an original undertaking of the defendant and not a contract of guaranty, suretyship or indorsement. Moreover, the fact that there was an unfilled vacancy on the board of directors did not render the transaction ultra vires as contended by defendant. See 19 CJS 94, Corporations, § 749 (b). "While the directors of the corporation . . . were not assembled in a regular meeting or in a special meeting formally called, still all the directors and the stockholders were conferring together, and the action taken was by the consent of every one of the stockholders and directors. . . In good faith the agreement made among the entire body of directors and stockholders should be carried out to its final conclusion." *Strickland v. Jolly,* 136 Ga. 885, 887 (72 SE 348).

The court did not err in granting summary judgment for plaintiff.

*Judgment affirmed. Hall and Quillian, JJ., concur.*

SUBMITTED SEPTEMBER 5, 1968—DECIDED MARCH 12, 1969.

*Smith, Crisp & Hargrove, William E. Smith,* for appellant.
*J. Frank Myers, W. L. Dwyer,* for appellee.