### 45633. MUSTANG TRANSPORTATION, INC. v. W. W. LOWE & SONS, INC.

Bell, Chief Judge. The plaintiff, a produce dealer, brought this action against the trucking company for damages to a shipment of peas it transported for plaintiff from a point in Texas to Forest Park, Ga. The trial court heard the case without a jury and entered judgment for plaintiff.

1. Three enumerations of error complain of the admission or rejection of evidence. All of the evidence pertaining to these enumerations concerns questions propounded by counsel to two produce concerns in Texas, one being the Todd Co. from whom plaintiff purchased the shipment of peas, and the other, the Gilmore Co., a firm from whom plaintiff had purchased an ear-

lier and unrelated shipment of peas which also had been transported by defendant. The questions were answered by their respective presidents. It was stipulated by counsel that the answers received could be used at trial as a deposition on written interrogatories subject to the right to make objections to their admission.

(a) One of the answers concerned the time required in Texas to load the commodity onto defendant's truck. It was objected to by defendant on the ground that the answer of necessity had to be based on hearsay. On appeal, defendant abandons this ground and now urges for the first time that the answer was "unresponsive" and "self-serving." Reason or reasons why certain evidence should not be admitted will not be considered on appeal, unless the reasons were urged before the trial judge. *Lankford v. Holton,* 187 Ga. 94 (8) (200 SE 243).

(b) The question whether defendant's driver was experiencing any difficulty with his truck or its cooling equipment while the produce was being loaded by the Todd Co., was answered in part that the driver "had a woman passenger with him, which seemed a mite unusual." This portion was objected to and overruled. Later during the testimony of the defendant's driver, this same evidence was brought out on his cross examination without objection, and then inquired into by plaintiff on re-direct examination. Any error in the admission of evidence over objection is rendered harmless by the later admission of the evidence without objection. *State Hwy. Dept. v. Hollis,* 106 Ga. App. 669 (127 SE2d 862). Further, as plaintiff inquired into this matter on re-direct examination, he cannot be heard to complain. *Salisbury v. State,* 222 Ga. 549 (2) (150 SE2d 819).

(c) Defendant offered an answer to a question posed to the Gilmore firm relative to the earlier and unrelated shipment, which concerned the instructions given defendant's driver with respect to the preservation of the peas during shipment. It was excluded by the court and properly so as it is completely immaterial or irrelevant to any issue in this case.

2. Defendant moved to dismiss the case in the trial court on the ground that the contract between the plaintiff and defendant for the transportation of the peas was based upon a wager and

thus was illegal. While there was testimony that plaintiff's agent made a wager with defendant's truck driver that the driver could not deliver the peas from Texas to plaintiff in Georgia within a stated period, this evidence was not in any manner shown to be an integral part of the contract of carriage between plaintiff and defendant. The independent wager cannot render the contract of carriage illegal. See *Phenix Ins. Co. v. Clay,* 101 Ga. 331 (28 SE 853, 65 ASR 307). On appeal plaintiff urges an additional ground of illegality which does not permit discussion. *Haygood v. Stevenson Co.,* 114 Ga. App. 335, 337 (151 SE2d 462).

3. The trial court in its order granting judgment for plaintiff found that the testimony of the defendant's truck driver was the only evidence which bore directly upon the standard of care which was exercised by defendant while the commodity was in transit, and stated that "From my observation of this witness, his manner of testifying and the facts that he testified to both on the trial of this case and in his previous deposition, I must and do conclude that he is unworthy of belief and has been successfully impeached." This quoted statement is enumerated as error. This has no merit, as obviously the trial court when sitting as the trior of the facts, has the right to determine the credibility of a witness. *Code* § 38-1805; *Simmons v. State,* 111 Ga. App. 553 (1) (142 SE2d 308); *Lewis v. American Road Ins. Co.,* 119 Ga. App. 507, 512 (167 SE2d 729). The trior of fact in determining the worthiness of belief of a witness may take into consideration his appearance or his demeanor or his manner upon the stand. *Williams v. Paul F. Beich Co.,* 74 Ga. App. 429 (40 SE2d 92). Credibility may also be attacked by showing previous contradictory statements made by the witness as to matters relevant to his testimony. *Code* § 38-1803. Here it was shown that the truck driver testified at his deposition prior to trial that he did not have a woman passenger with him on his trip to Georgia whereas at trial he admitted her presence. This evidence has relevancy to his testimony and the case. Therefore, it cannot be said as a matter of law that this driver was not impeached. If a witness is impeached or discredited in some legal manner, a jury or a trial judge in a non-jury case may

disbelieve him altogether. *Hayes v. Hay,* 92 Ga. App. 88, 92 (88 SE2d 306).

4. The remaining enumerations of error all go to the sufficiency of the evidence to support the trial court's findings that plaintiff was entitled to recover. These findings are all authorized by the evidence.

　　　*Judgment affirmed. Quillian and Whitman, JJ., concur.*
SUBMITTED SEPTEMBER 9, 1970—DECIDED FEBRUARY 19, 1971.

*Smith, Spears & Sears, Virgil H. Smith,* for appellant.
*Harris Bullock,* for appellee.

