## 49822. RANDALL v. HIGHT.

EVANS, Judge.

On October 21, 1970, Walter G. Dean conveyed to William P. Randall certain real estate on Cotton Avenue in Macon, Georgia, known as the Mitchell Building. The conveyance was subject to an outstanding note and lien held by Security Life Insurance Company against Dean as to this building. As part of the consideration for the sale, Randall executed to Dean a note for $60,000, another note for $1,563.75, and a third note for $1,627.50.

Dean departed this life and Henry G. Hight was appointed as executor of his estate. Randall sought to negotiate another loan in order to pay off the indebtedness to Dean's estate, and failing, tried to get the estate to accept a return of the building, which it would not do.

Dean's indebtedness to Security Life became in default and Security Life foreclosed its lien, and at the sale it became the purchaser and thus obtained full title to the property.

The executor of Dean's estate sued Randall on the aforementioned three notes. Randall answered and denied being indebted, and set forth as a defense that Dean's failure to make payments to Security Life on its indebtedness and lien caused Security Life to foreclose and the property was thus lost because Security Life bought it in and became the owner. Randall contended that Dean's estate could not enforce its obligations running with the real estate, because the real estate, through Dean's conduct, is now lost and beyond Randall's reach, title being in Security Life.

A jury trial was held and at the conclusion, the court

directed the jury to return a verdict in favor of the plaintiff and against defendant on the three notes as to principal and interest. The judgment followed the verdict, and defendant appeals. *Held:*

1.  Appellee's motion to dismiss in this court is not meritorious. Under our present Rule 14 (a) (Code Ann. § 24-3614) the enumerations of error are considered timely unless this court has issued an order to file same within a certain time, and there is noncompliance with such order. No such noncompliance appears here.

2.  Randall's sole defense is that because Dean failed to pay his note to Security Life, he caused Security Life to foreclose, at which sale Security Life became the purchaser of the realty, and thus Randall's right of redemption of the property was extinguished and lost. The executor-plaintiff contends Dean was unable to pay Security Life unless Randall made payments of its notes to Dean, which Randall failed to do, even though the notes were due; and that plaintiff is therefore entitled to judgment for the unpaid principal and interest represented by the notes.

The cases cited by defendant (*Mutual Loan & Bkg. Co. v. Haas,* 100 Ga. 111 (27 SE 980; and *Federal Land Bank v. Bank of Lenox,* 192 Ga. 543 (16 SE2d 9)) holding that the equity of redemption was lost by foreclosure of the loan deed through a valid judicial sale under a prior security deed has no bearing on a suit upon the notes. The notes were duly established as past due and unpaid; and the defendant has failed to establish a valid defense. *Haygood v. Stevenson,* 114 Ga. App. 335, 336 (151 SE2d 462); *First Jewelers v. Rosen,* 119 Ga. App. 355 (166 SE2d 919); *Newby v. Armour Agr. Chem. Co.,* 119 Ga. App. 650 (2) (168 SE2d 652). Since no valid defense was offered, the court did not err in directing a verdict for plaintiff.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

Submitted October 3, 1974 — Decided November 7, 1974.

*William C. Randall,* for appellant.
*John M. Hancock, Jr.,* for appellee.