**CANAL INDUSTRIES, INC., and Canal Land Company, a General Partnership, Plaintiffs,**

**v.**

**Florrie Zellner CHILDS, et al., Defendants-Third Party Plaintiffs-Appellees,**

**Lawyers Title Insurance Corporation, Third Party Defendant-Appellant.**

**No. 86–8595.**

United States Court of Appeals, Eleventh Circuit.

Aug. 3, 1987.

Dana Garrett Diment, Joyce B. Klemmer, Atlanta, Ga., for third party defendant-appellant.

Hubert C. Lovein, Jr., Jones, Cork & Miller, Macon, Ga., for defendants-third party plaintiffs-appellees.

Before FAY and KRAVITCH, Circuit Judges, and ALLGOOD *, Senior District Judge.

ALLGOOD, Senior District Judge:

On July 29, 1980, members of the Childs family purportedly conveyed 1,279.25 acres of land to Canal Industries for $600 per acre. In early 1981 Canal discovered that it had only received 1,040.33 acres and asked the sellers to refund the overpayment. When Childs refused, suit was filed for failure of consideration, breach of warranty of title, mutual mistake of fact, unjust enrichment and conversion. The Childs' asserted a third-party claim against the surveyor who had calculated the acreage and Lawyers Title was later added as a defendant.

On June 9, 1983, the district court granted partial summary judgment for the plaintiffs, finding that the sale was by the acre rather than by the tract and ordering the Childs family to pay the plaintiffs $143,-352.00. This decision was affirmed by the Eleventh Circuit Court of Appeals.

Following the decision of the court of appeals, the district court ordered the clerk to pay Canal all the funds being held, including interest. Lawyers Title paid the difference between what had been paid in by the family and the remainder due Canal. Canal assigned all claims against the defendants to Lawyers Title.

The only question remaining for the district court was whether the Childs family was jointly and severally liable for the balance due. Following a hearing, the trial court ruled that each family member was liable only for a portion of the deficiency equal to the percentage of the total sales price he or she received. Lawyers Title has appealed that ruling.

The issue now before this court is whether persons who jointly execute a general warranty deed are jointly and severally liable for damages resulting from a breach of the warranty.

Apparently one family member has failed to pay her share of the overpayment and the others refuse to pay it for her. The defendants argue that since the closing statement clearly shows where the money went, and it went to each one individually, Canal is only entitled to recover from them individually and to the extent of each one's unjust enrichment.

In Georgia the law is well established: "When two or more persons sign a deed containing a general clause of warranty which does not express any limitation or exception, both the signers of the deed become liable to the grantee as joint warrantors." *Ashburn v. Watson*, 8 Ga.App. 566, 70 S.E. 19, 21 (1911).

While the defendants argue that the closing statement negates the effect of the warranty, they offer nothing to support such contention. The sales contract, not the closing statement, creates the rights and liabilities of the parties. The closing statement or settlement sheet is merely for accounting purposes, a calculation of debits and credits. The plaintiffs paid the full amount for the property in one lump sum. The defendants' own attorney disbursed the funds, and the closing statement accounted for the disbursement.

The record does not provide us with the details of negotiating this contract for the sale of property, where one person held a life estate and there were eight remaindermen. If any one of the nine had not agreed on the selling price or the terms, the deal would have fallen through. In other words, each one of them was dependent on the other for the deal to work. They could not have sold the property as individuals without dividing it first. They all signed the deed which contained a general clause of warranty.

The sellers ask that an innocent purchaser suffer rather than those who received the proceeds of the sale. The family members warranted the deed. When it became apparent that there had been a mistake made, Canal had the right to have it corrected. The deed itself was reformed to

---

* Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

reflect the correct acreage. Now the plaintiffs are entitled to a full reimbursement.

While we can appreciate the trial court's concern for the parties, we are bound by the holding of the Georgia court in *Ashburn* and find the Childs family jointly and severally liable for the full amount of the overpayment.

For these reasons, the decision of the district court must be and the same hereby is REVERSED.