33135.   ATLANTA METALLIC CASKET CO. *v.* SOUTH-
EASTERN WHOLESALE FURNITURE CO. INC.

354

DECIDED SEPTEMBER 14, 1950.

358

*Smith, Kilpatrick, Cody, Rogers & McClatchey, A. G. Cleveland Jr.,* for plaintiff in error.

*Stanley P. Meyerson, Nall & Sterne,* contra.

FELTON, J. Whether there is a cause of action set forth hinges on the proper construction of the petition. The plaintiff's theory is that sufficient facts are alleged to show a joint enterprise or joint adventure under the definitions laid down by modern courts. *Clement A. Evans & Co.* v. *Waggoner,* 197 *Ga.* 857 (30 S. E. 2d, 915); 40 Am. Jur. § 7, p. 681; Ib. § 3, p. 677; 33 C. J. § 2, p. 842. Broadly, there is a joint enterprise or adventure when two or more combine their property or labor, or both, in a joint undertaking for profit, with rights of mutual control, provided the arrangement does not establish a partnership. Paragraph six of the petition, considered alone, possibly alleges enough facts to show a joint enterprise. However, the allegations in paragraph six, considered in connection with paragraph four, have an entirely different meaning when the whole petition is construed against the pleader. Paragraph four alleges: "The defendant, during the period hereinafter mentioned,

engaged in a joint enterprise with the attributes of a partner-ship as to third parties acting with the corporation, Calimode Inc., for the manufacture and sale of oil floor furnaces known as 'Calimode Furnaces.' Photostatic copies of the written agreement between the defendant and Calimode Inc., are attached hereto marked 'Exhibit A & B' which are incorporated herein by reference." While paragraph four does not allege that the two attached instruments constituted *the* contract under which the alleged joint adventurers operated, the only reasonable construction is that they were the contract under which operations were had. In this view, the various allegations, apparently allegations of fact, in paragraph six, as to what was done to constitute a joint adventure, are nothing more than conclusions of the pleader as to what the plaintiff contends would have been done under the terms of the contracts attached. The conclusions pleaded are improper conclusions. Exhibit "B" contains no provisions which would render the parties joint adventurers. It is simply an agreement by the defendants to manufacture for Calimode floor furnaces at stipulated delivered prices, containing provisions as to details of construction. It is true that the exhibit provides that certain parts would be furnished by Calimode Inc., but it was nothing more than a sale of the materials to the defendant. Calimode did not agree to furnish labor or materials for the undertaking. Neither does exhibit "B" contain any element of joint enterprise. It is merely an agreement facilitating shipments and securing Calimode's indebtedness to the defendant. So, if the exhibits are the agreements under which the parties were operating, most of the allegations in paragraph six as to what was done in the nature of a joint enterprise are not true under our construction of the pleadings. It will be noted that the petition does not allege that the parties departed from the terms of the contract, nor that other agreements were made. Paragraph (6.d) of the petition alleges: "No other provision for payment to defendant existed other than the division of proceeds from the sale of furnaces. A division of proceeds was made by the defendant to Calimode Inc., out of each sale regardless of whether there were outstanding deliveries of furnaces which had not been paid for. In other words, regardless of whether there were outstanding accounts unpaid as

to furnaces previously delivered, the defendant remitted and divided the proceeds with Calimode Inc., as each furnace was paid for." This allegation obviously means that there was no such provision in the written agreements referred to in the petition. This allegation does not amount to an allegation that the defendant did not and could not collect from Calimode Inc., for furnaces supplied to customers of Calimode, which did not pay for them. Under the agreements the defendant could certainly collect for every furnace sold to Calimode Inc., no matter how the collections on individual sales, on which collections were made, were handled. There are no facts alleged as to why the defendant should be estopped to deny a joint adventure, under the court's interpretation of the petition. Most of the so-called special demurrers are in fact a break-down and argument of the various phases of the general demurrer. Whether this is true or not, what we have said covers the rulings on the special demurrers also.

The court erred in overruling the general and special demurrers.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*