77357, 77358. DEMER v. CAPITAL CITY CABLE, INC. et al.;
and vice versa.
(378 SE2d 162)

McMURRAY, Presiding Judge.

Plaintiff Demer filed this action against seven defendants, each of whom is a corporation involved in the cable television industry. Count 1 of plaintiff's complaint sought damages for the breach of an employment contract between plaintiff and defendant Cable America,

Inc. The terms of the alleged contract were contained in a letter from defendant Cable America, Inc., to plaintiff, dated February 2, 1982. This action seeks to enforce Item 6 of the letter which states: *"Equity Participation.* You will be provided with an amount of stock or stock equivalents that, using current cable TV valuation techniques and financial projections, would be worth one million dollars ($1,000,000) two years from your commencement of employment with Cable America. The stock or stock equivalents would vest according to the following schedule:

"At the end of Year 1 — 5%      Year 6  — 45%
                Year 2 — 10%      Year 7  — 60%
                Year 3 — 15%      Year 8  — 75%
                Year 4 — 20%      Year 9  — 90%
                Year 5 — 30%      Year 10 — 100%

"Certain conditions will apply to this arrangement, including restriction on the sale of this stock or stock equivalents and repurchase rights of Cable America if, for any reason, you leave the employ of Cable America. The amount would be reduced by the value of any pension plan which is purchased on your behalf." Plaintiff alleges that he has completed two years of employment under this provision, thereby vesting in 10 percent of the one million dollars ($1,000,000) in equity and thus seeks damages for breach of contract of not less than $100,000. Count 2 of the complaint sought damages under the Georgia Securities Act of 1974 for material misrepresentations and omissions relating to the sale of a security. This claim was also based on the equity participation provision contained in the letter of February 2, 1982. Count 3 of the complaint sought damages for fraud against the defendants. Count 4 sought punitive damages and attorney fees.

Following discovery, summary judgment was granted to five of the defendants. This order is not contested on appeal.

Plaintiff moved for partial summary judgment contending that the letter of February 2, 1982, "constitutes an employment contract between Plaintiff and Defendant Cable America, Inc., which Defendants are estopped to deny." The trial court denied plaintiff's motion, after holding that the "letter does not contain all the essentials of a contract . . ."

Upon the trial of the case sub judice, the trial court directed a verdict in favor of the remaining defendants, Cable America, Inc., and Capital City Cable, Inc., f/k/a Cable Atlanta, Inc. Plaintiff's motion for new trial was denied. The trial court also denied the motions of the defendants Cable America, Inc. and Capital City Cable, Inc., f/k/a Cable Atlanta, Inc. for attorney fees and expenses of litigation pursuant to OCGA § 9-15-14.

In Case No. 77357, plaintiff appeals from the order denying his motion for new trial, from the directed verdict in favor of defendants

Cable America, Inc., and Capital City Cable, Inc., f/k/a Cable Atlanta, Inc., and from the denial of plaintiff's motion for partial summary judgment. In a cross appeal, Case No. 77358, defendants Cable America, Inc., and Capital City Cable, Inc., f/k/a Cable Atlanta, Inc., appeal from the denial of their motions to recover attorney fees and for expenses of litigation. *Held*:

1. Defendants raise the issue of an untimely appeal by contending that plaintiff's motion for new trial was not the proper vehicle for challenging the trial court's directed verdict. "Where a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity and will not extend the time for filing the notice of appeal." *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447). However, it appears to be the settled rule that the party against whom the trial court has directed a verdict has the option of challenging that decision by direct appeal or by motion for new trial. *Reed v. White*, 207 Ga. 623, 627 (9) (63 SE2d 597); *Jones v. Bank of Lula*, 135 Ga. 680 (1), 681 (70 SE 640). The defendants' motion to dismiss plaintiff's appeal is denied.

2. Plaintiff contends the trial court erred in granting a directed verdict on the breach of contract claim contained in Count 1 of the complaint. This contention raises the issue of whether Item 6 of the letter of February 2, 1982, from defendant Cable America, Inc., to plaintiff, sets forth a provision of an enforceable contract between the parties. Plaintiff argues that a contract existed between the parties and that any ambiguity as to the agreement should be resolved by the jury after consideration of evidence as to the surrounding circumstances pursuant to OCGA § 13-2-2 (1).

Plaintiff testified that the equity participation plan set forth in Item 6 of the letter of February 2, 1982, was an important inducement for him to leave his former employment and accept employment with defendant Cable America, Inc. Yet, plaintiff did not know what type of stock would be provided for the plan. Plaintiff did not know whether he would receive common or preferred stock, the number of shares, or the issuer of the stock. The meaning of the term "stock equivalents" as used in the letter was unknown to plaintiff. Plaintiff did not know what "valuation techniques and financial projections" were referred to in the letter. While the letter states that "[c]ertain conditions will apply to this arrangement . . . ," those conditions were never discussed between plaintiff and defendant Cable America, Inc. Nor was there any discussion of the "repurchase rights of Cable America" if plaintiff for any reason left the employ of Cable America, Inc. Plaintiff did not know whether the one million dollar figure referred to in the letter was a valuation before or after consideration of stock restrictions and repurchase rights. Plaintiff conceded "there were a great number of things to be agreed upon in the future." After

the letter of February 2, 1982, plaintiff had no further discussion concerning an equity participation plan, nor was any other equity participation plan ever presented to plaintiff.

"The first requirement of the law relative to contracts is that there must be a meeting of the minds of the parties, and mutuality [cits.], and in order for the contract to be valid the agreement must ordinarily be expressed plainly and explicitly enough to show what the parties agreed upon. [Cits.] A contract cannot be enforced in any form of action if its terms are incomplete or incomprehensible. There are instances when certain deficiencies or ambiguities may be explained by facts aliunde the instrument itself. However, information of such extrinsic nature may not be utilized to supply that which is essential to constitute a valid contract. [Cit.]" *West v. Downer*, 218 Ga. 235, 241, 242 (127 SE2d 359). "The test of an enforceable contract is whether it is expressed in language sufficiently plain and explicit to convey what the parties agreed upon. *West v. Downer*, 218 Ga. 235, 241 (127 SE2d 359) (1962)." *Touche Ross & Co. v. DASD Corp.*, 162 Ga. App. 438 (1) (292 SE2d 84). "In a contract of employment the compensation to be paid is a material part, and until the parties have agreed upon a definite amount to be paid the contract is incomplete; and until each party has assented to the material parts of the contract either party has a right to withdraw therefrom." *Pita v. Whitney*, 190 Ga. 810, 814 (2) (10 SE2d 851). See also *Weill v. Brown*, 197 Ga. 328, 333 (29 SE2d 54); *Gray v. Aiken*, 205 Ga. 649, 651 (1) (54 SE2d 587); *Dale's Shoe Store v. Dale*, 104 Ga. App. 371 (121 SE2d 695); and *Wheeler v. Pan-American Petro. Corp.*, 48 Ga. App. 378, 379 (4) (172 SE 826).

" 'Unless an agreement is reached as to all terms and conditions and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect. (Cits.)' *Malone Constr. Co. v. Westbrook*, 127 Ga. App. 709 (194 SE2d 619) (1972)." *Hartrampf v. C & S Realty Investors*, 157 Ga. App. 879, 881 (278 SE2d 750). See also *Sierra Assoc. v. Continental Ill. Nat. Bank &c. Co.*, 169 Ga. App. 784, 788 (1) (315 SE2d 250).

In the case before us, the ambiguities in the letter not only remain following the receipt of plaintiff's evidence, but it is clear from that evidence that there could not have been a meeting of the minds regarding an equity participation plan since several key elements of the plan mentioned in the letter have never been discussed, much less agreed upon by the parties. Plaintiff conceded many of the provisions of the equity participation plan remained to be determined. Thus, the letter did not constitute a complete and enforceable contract. The trial court did not err in directing a verdict in favor of defendants on Count 1 of plaintiff's complaint which states a breach of contract claim predicated on Item 6 of the letter of February 2, 1982.

3. Next, plaintiff contends the trial court erred in granting a directed verdict as to Count 2 of the complaint, which states a cause of action for fraud. The essential elements of a cause of action for fraud include the making of a knowingly false representation. *Eckerd's Columbia v. Moore*, 155 Ga. App. 4 (270 SE2d 249). However, "fraud cannot consist of mere broken promises, unfulfilled predictions or erroneous conjectures as to future events." *Curtis v. First Nat. Bank of Commerce*, 158 Ga. App. 379, 381 (280 SE2d 404).

We find no evidence authorizing a recovery by plaintiff on his fraud claim. Surely defendant Cable America, Inc., and its subsidiary Cable Atlanta, Inc. (now defendant Capital City Cable, Inc.) did not prosper as predicted. Indeed, there is evidence that at the time plaintiff was employed, defendants were experiencing severe financial problems. However, prior to his employment plaintiff was furnished a prospectus which provided extensive information as to the business and financial conditions prevailing at that time. Plaintiff, a graduate of Cornell University and the Harvard Business School who possessed significant education and experience in the area of finance, could have ascertained defendant Cable America Inc.'s financial condition from the prospectus and was under a duty to use due diligence in ascertaining such circumstances for himself. There is no evidence that plaintiff was misled by the prospectus. Thus, we find no error in the trial court's grant of a directed verdict as to plaintiff's Count 2.

4. Plaintiff further contends the trial court erred in granting a directed verdict on Count 3 of the complaint, which states a claim of a fraudulent sale of securities under the Georgia Securities Act. This claim is barred by OCGA § 11-8-319 which provides that a contract for the sale of securities is not enforceable by way of action or defense unless one of four provisions is satisfied. OCGA § 11-8-319 (a) and (c) are not satisfied since there is no contract for the "sale of a stated quantity or described securities at a defined or stated price." Nor are OCGA § 11-8-319 (b) or (d) satisfied. Consequently, the trial court did not err in granting a directed verdict for defendants as to Count 3.

5. In his second enumeration of error, plaintiff maintains that the trial court erred in failing to grant plaintiff's motion for partial summary judgment. After verdict and judgment a decision denying a summary judgment is moot and presents nothing for review on appeal. *Hardaway Constructors v. Browning*, 176 Ga. App. 530 (2) (336 SE2d 579). This enumeration of error is without merit.

6. Lastly, plaintiff contends the trial court erred in failing to grant his motion for new trial. In addition to the grounds previously discussed in this opinion, the motion for new trial raised issues as to the exclusion from evidence of seven of plaintiff's exhibits. We have reviewed the circumstances relating to each of the excluded exhibits

and find no error.

7. In the cross appeal, defendants contend via five enumerations of error that the trial court erred in denying their motion to recover attorney fees and expenses of litigation pursuant to OCGA § 9-15-14. "The remedy created by [OCGA § 9-15-14] . . . is available only with respect to 'any claim, defense, or other position which is first raised in an action on or after July 1, 1986.' Ga. L. 1986, pp. 1591, 1593, § 3." *Ferguson v. City of Doraville*, 186 Ga. App. 430, 432 (2), 433 (367 SE2d 551). In the case before us, the complaint raising all of plaintiff's claims presented at trial was filed prior to July 1, 1986, and was not amended. Consequently, OCGA § 9-15-14 is not applicable to plaintiff's claims in this case. The trial court did not err in denying defendants' motions for attorney fees and for expenses of litigation predicated on OCGA § 9-15-14.

*Judgments affirmed. Pope and Benham, JJ., concur.*

DECIDED JANUARY 25, 1989.

*Robert J. Hipple, Thomas A. Soderberg*, for appellant.
*Long, Aldridge & Norman, J. Allen Maines, L. Catharine Cox*, for appellees.

