A89A2102, A89A2103. KING et al. v. SHERATON SAVANNAH CORPORATION; and vice versa.
(391 SE2d 457)

BIRDSONG, Judge.

King and the Urban Crisis Center (collectively "King") appeal from the grant of summary judgment to Sheraton Savannah Corporation and the Sheraton Operation Cooperation ("Sheraton") on King's claim for breach of contract. Sheraton cross-appeals from the denial of its motion for summary judgment on King's bodily injury claim and Urban Crisis Center's claim for damage to its yacht.

The record shows that King docked a yacht owned by the Urban Crisis Center at the Sheraton. King and Sheraton discussed an arrangement by which Sheraton's guests could use the yacht, King would receive a rental fee, and Sheraton would cater events on the yacht. King would also use the yacht for seminars and other business of the Urban Crisis Center.

Before the arrangement could be implemented, however, the yacht needed repairs and Sheraton required King to secure a license for the yacht's intended use, to obtain liability insurance with one million dollar coverage, and to arrange for the yacht to have at least two crew members. While these matters were pending, Sheraton allowed King to dock the yacht there for a monthly fee.

Before the repairs were completed, a storm hit, damaging the yacht and injuring King. After the storm, Sheraton would not allow King's yacht to use its dock as before. King and the Urban Crisis Center sued Sheraton for breach of the contract for rental of the yacht, King's bodily injuries, and property damage to the yacht. When Sheraton's motion for summary judgment was granted in part and denied in part, these appeals followed. *Held:*

*Case No. A89A2102*

1. The breach of contract claim asserted the arrangement be-

tween the parties was a contract and Sheraton breached it by refusing to permit repairs to be completed at Sheraton's dock so the yacht could be rented as they agreed. Sheraton contended, however, there was no contract because the parties had only agreed to reach a contract in the future. Sheraton further contended that the agreement reached imposed no obligations because it was not complete as to its terms and conditions.

King's deposition testimony and a letter from Sheraton to King plainly demonstrated that there was no contract. The parties only anticipated working toward an agreement and Sheraton's letter merely outlined its conditions. Further, the record shows the conditions had never been met. King did not complete the repairs on the yacht and apparently the other conditions were never satisfied.

The record shows there was no contract. See *Jackson v. Easters*, 190 Ga. App. 713, 714 (379 SE2d 610). Here, as King's deposition testimony admitted, "[i]t wasn't an agreement, it was anticipating our working together. . . ." Thus, it was only an unenforceable agreement to reach an agreement incomplete as to its terms and conditions. *Demer v. Capital City Cable*, 190 Ga. App. 40, 43 (378 SE2d 162); *Jackson v. Easters*, supra. Thus, Sheraton met its burden, OCGA § 9-11-56 (c), and the trial court did not err by granting the motion for summary judgment on this claim.

### Case No. A89A2103

2. Sheraton's cross-appeal contends the trial court erred by denying its motion for summary judgment on King's claim for bodily injury and Urban Crisis Center's claim for property damage. Sheraton asserts the trial court incorrectly ruled an expert witness' affidavit could not be used to support a motion for summary judgment. Review of the trial court's order shows that Sheraton misperceives the trial court's decision. The trial court merely ruled this particular expert's affidavit was not sufficient to support Sheraton's motion for summary judgment. We agree.

In the first instance, the affidavit does not show the statements made therein are from the witness' personal knowledge. OCGA § 9-11-56 (e). Also, the complaint alleged Sheraton negligently maintained and operated the dock and negligently allowed an oversized boat to use the dock when Sheraton should have known such a large boat would cause the dock to tear apart in a storm. The affidavit, however, goes only to the dock's construction and not to its operation or maintenance. Consequently, it could not pierce the pleadings on those bases for imposing liability. See *Reed v. Adventist Health Systems &c.*, 181 Ga. App. 750, 752 (353 SE2d 523).

Further, while the affidavit shows the witness' qualifications as a

mariner, the only attempt to qualify him as an expert in the construction of docks is the statement that he was a licensed dock builder and familiar with proper construction of docks. Even assuming the expert was qualified, the affidavit does not establish when he examined the dock or that he was personally familiar with the dock before the events giving rise to these claims. In the same manner, the statements in the affidavit concerning the storm neither indicate the witness' qualifications to give his opinions nor show the factual basis for the statements. See *Mingledolph v. Univ. Emergency Physicians*, 174 Ga. App. 75, 76 (329 SE2d 222).

Sheraton failed to meet its burden as a defendant moving for summary judgment (see OCGA § 9-11-56 (c); *Corbitt v. Harris*, 182 Ga. App. 81 (354 SE2d 637)), and therefore, the trial court did not err by denying the motion.

*Judgment affirmed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 22, 1990.

*Charles R. Floyd, Jr.*, for appellants.
*Hermann W. Coolidge, Jr.*, for appellee.