A90A0345. DAVENPORT v. OGLETHORPE POWER CORPORATION et al.
(396 SE2d 580)

McMURRAY, Presiding Judge.

Plaintiff Davenport filed this action for damages against defendants Oglethorpe Power Corporation ("Oglethorpe") and Rayle Electric Membership Cooperative ("Rayle"), alleging that he was severely injured by contact with a high voltage electric line which had been improperly erected and maintained by defendants. The complaint alleged that defendants were "engaged in and doing business as a single integrated business entity engaged in the joint venture or enterprise of generating and distributing electric energy over the power lines contacted by Plaintiff." Defendants denied this allegation and de-

fendant Oglethorpe moved for summary judgment relying on evidence that the electric line with which plaintiff came into contact was owned, maintained, and operated *solely* by defendant Rayle and contending that there was no theory upon which it could be held liable for plaintiff's injuries. Plaintiff's cross-motion for partial summary judgment sought a ruling that Oglethorpe is jointly and severally liable for any negligence in the maintenance of the electric line at issue.

Plaintiff appeals following the grant of summary judgment in favor of defendant Oglethorpe and the denial of his cross-motion for partial summary judgment. The primary issue on appeal is whether defendants Oglethorpe and Rayle were joint venturers. *Held*:

If defendants were joint venturers, general laws of partnership and agency apply, and each is liable for the negligence of the other. *Boatman v. George Hyman Constr. Co.*, 157 Ga. App. 120, 123 (276 SE2d 272); *Bowman v. Fuller*, 84 Ga. App. 421, 425-426 (1) (66 SE2d 249). " 'Broadly, there is a joint [venture] when two or more combine their property or labor, or both, in a joint undertaking for profit, with rights of mutual control, provided the arrangement does not establish a partnership.' *Atlanta Metallic Casket Co. v. Southeastern Wholesale Furniture Co.*, 82 Ga. App. 353, 358 (61 S. E. 2d, 196)." *Bowman v. Fuller*, 84 Ga. App. 421, 425, supra.

In support of its motion for summary judgment, Oglethorpe presented the affidavit of Stacy, its president and Chief Executive Officer, and of White, the general manager of defendant Rayle. These affidavits state that Oglethorpe neither owned, maintained, nor operated the electric distribution line at issue; that Oglethorpe never had a right to exercise control over Rayle in the operation, maintenance, or ownership of any electric distribution lines including those at issue in this case; that Oglethorpe was not a joint venturer with Rayle in the operation, maintenance or ownership of the electric distribution line at issue; and that Rayle was neither an agent, servant, nor employee of Oglethorpe.

Oglethorpe was created through a combination of the resources of 39 Georgia Electric Membership Cooperatives to provide greater efficiency in the generation or acquisition, and wholesale distribution of electric power, and is wholly owned by its 39 members of which defendant Rayle is one. Oglethorpe has no retail customers, while the Electric Membership Cooperatives, such as defendant Rayle, are retailers of electric power.

Under the evidence in the case sub judice, at least one element of a joint venture is not present. There is no combination of property or labor, or both, in a joint undertaking, such as will contribute to the establishment of a joint venture. While plaintiff directs our attention to the combining of resources which occurred in the formation of Oglethorpe, this test is not concerned with the internal structure of

Oglethorpe or with the existence of Rayle's ownership of an equity interest in Oglethorpe. The germane fact in this regard is that the electric power line at issue along with the remainder of the distribution system was owned, operated, and maintained solely by Rayle.

Furthermore, Oglethorpe and Rayle are not joint venturers simply because their businesses are interdependent. Rayle relies on Oglethorpe to generate and deliver electric power to its distribution system, while Oglethorpe relies upon the Electric Membership Cooperatives, including Rayle, to provide a retail market and distribution system for its product. However, such interdependence is universally found in a wholesaler-retailer relationship and is not inconsistent with the operation of separate businesses.

Finally, we do not find *Greensboro Lumber Co. v. Ga. Power Co.*, 643 FSupp. 1345 (ND Ga. 1986), persuasive as to the issues of the case sub judice. The conclusion in that case that, under federal antitrust law, Oglethorpe and its member Electric Membership Cooperatives constitute a "single integrated business entity" is not instructive in relation to the joint venture issue in the case sub judice. The superior court did not err in granting a summary judgment in favor of defendant Oglethorpe and against plaintiff.

*Judgment affirmed. Sognier, J., concurs. Carley, C. J., concurs in the judgment only.*

DECIDED JULY 16, 1990 —
REHEARING DENIED JULY 31, 1990 — CERT. APPLIED FOR.

*Winburn, Lewis & Barrow, Gene Mac Winburn, John J. Barrow,* for appellant.
*Murray, Temple & Dinges, William A. Dinges, Gregg P. Counts,* for appellees.