A00A1153. KUEFFER CRANE & HOIST SERVICE, INC.
v. PASSARELLA.
(543 SE2d 113)

PHIPPS, Judge.

Lawrence Passarella sued Kueffer Crane & Hoist Service, Inc. for a declaratory judgment that he was a five percent owner of the corporation and for damages amounting to five percent of the corporation's 1997 profits, plus interest. A jury returned a verdict in favor of Passarella, and Kueffer Crane appeals, raising three issues. Kueffer Crane contends that the trial court erred in failing to give its requested instruction on the statute of frauds, in failing to grant it a directed verdict on its statute of limitation defense, and in failing to grant a directed verdict because Passarella had failed to establish the essential terms of an enforceable oral contract. We affirm because we find that the statute of frauds was inapplicable, that the statute of limitation had not run, and that the oral agreement which Passarella sued upon was sufficiently definite to be enforceable.

In 1990, Passarella and Mitch Kueffer worked together at Kone Cranes. Kueffer left Kone Cranes to form his own company, Kueffer Crane. Passarella testified that because of his expertise in servicing and repairing cranes, Kueffer offered him a five percent interest in Kueffer Crane to come to work for Kueffer Crane. In August 1991, Passarella left Kone Cranes and went to work at Kueffer Crane. He remained there until October 1997, when he resigned after Kueffer told Passarella that he "[could] no longer work with [him]."

For the years 1992 through 1996, Passarella received checks for profit sharing or bonuses that equated to five percent of Kueffer Crane's profits. Passarella also testified that he received numerous oral assurances from Kueffer that he was a five percent interest holder in the corporation.

After Passarella resigned from Kueffer Crane, he did not receive a share of the profits for 1997. In March 1998, Passarella made a written demand for five percent of the 1997 profits and to review the corporate records for that year. Kueffer Crane denied Passarella's demands and asserted that Passarella had no ownership in the corporation. On July 17, Passarella filed this action. It was tried in August 1999.

1. Former OCGA § 11-8-319 (statute of frauds) detailed the circumstances under which a contract for the sale of securities was enforceable. Effective July 1, 1998,[1] the General Assembly repealed OCGA § 11-8-319 and enacted OCGA § 11-8-113, which provides:

A contract or modification of a contract for the sale or purchase of a security is enforceable whether or not there is a writing signed or record authenticated by a party against whom enforcement is sought, even if the contract or modification is not capable of performance within one year of its making.

Assuming that OCGA § 11-8-319 remained applicable to causes of action which predated its repeal,[2] it would not have applied to the oral agreement between Passarella and Kueffer. We find that this case is analogous to *Thompson v. Kohl*,[3] where we held that "an oral agreement by an employer to transfer corporate stock to an employee for a non-monetary consideration is not a 'sale' within the meaning of UCC § 8-319." Thus, we find no error in the trial court's decision not to charge the jury on the statute of frauds.

2.

A directed verdict is proper only if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall

---

[1] See OCGA Title 11, Article 8.

[2] "[L]egislation which involves mere procedural or evidentiary changes may operate retrospectively[;] legislation which affects substantive rights may operate prospectively only." *Enger v. Erwin*, 245 Ga. 753, 754 (267 SE2d 25) (1980). Substantive law creates rights, duties, and obligations. *Dept. of Human Resources v. Deason*, 238 Ga. App. 853, 856 (1) (520 SE2d 712) (1999). Procedural law prescribes the methods of enforcement of rights, duties, and obligations. Id.

[3] 216 Ga. App. 148, 151 (2) (453 SE2d 485) (1994).

demand a particular verdict. In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict. The standard used to review the grant or denial of a directed verdict is the any evidence test.[4]

The statute of limitation for an action based on an oral contract is four years from the date the action accrued.[5] "[A] cause of action accrues when the plaintiff could have first maintained the action to a successful result."[6] We will affirm the denial of the motion for directed verdict if there is any evidence to support a determination that Passarella's claim arose within four years of the date this action was filed, July 17, 1998.

Passarella testified that Kueffer induced him to come to Kueffer Crane by promising him five percent ownership and reaffirmed that many times. It is undisputed that at the end of each full calendar year that Passarella worked for Kueffer Crane, Passarella received a check in the amount of five percent of Kueffer Crane's profits for that year. And Passarella testified that each time he received the five percent profit share, Kueffer expressed that it was being paid to him as a part owner of the company.

Kueffer denies having promised Passarella an ownership interest in the corporation and asserts that even under the testimony of Passarella and Kendle Ellzey, another former employee of Kueffer Crane, the statute of limitation would have started running in 1992, when they assert they asked him for stock certificates, and he responded that the costs of having the certificates issued was too prohibitive at the time. In essence, Kueffer contends that even if there was an oral agreement, it was breached by the refusal to issue stock certificates, and the statute began running at that time.

But the failure to issue stock certificates was not necessarily a breach of the agreement to make Passarella a part owner. Passarella and Ellzey each testified that Kueffer did not indicate that he would never issue the certificates. And Passarella testified that Kueffer never suggested that he did not consider Passarella a part owner. Moreover, one may have an ownership interest in a corporation without having received stock certificates.[7] We find that Kueffer did not clearly breach the agreement until he refused to pay Passarella his

---

[4] (Citation omitted.) *Griffith v. Med. Rental Supply &c.*, 244 Ga. App. 120 (534 SE2d 859) (2000).

[5] *Mallin v. Spickard*, 103 Ga. App. 562 (120 SE2d 128) (1961); see also OCGA § 9-3-25.

[6] *Kicklighter v. Woodward*, 267 Ga. 157, 159 (2) (476 SE2d 248) (1996) (citing *Engram v. Engram*, 265 Ga. 804 (463 SE2d 12) (1995)).

[7] *Haas v. Koskey*, 138 Ga. App. 448, 453 (2) (226 SE2d 279) (1976); *First Jewelers v. Rosen*, 119 Ga. App. 355, 356 (166 SE2d 919) (1969).

1997 profit share and told him that he did not have an ownership interest in the corporation.

Kueffer Crane relies on *Leathers v. Timex Corp.*[8] and *Palmer v. Neal.*[9] We find that each case is distinguishable. In *Leathers*, a retiree did not file suit until almost six years after he had learned that his pension was not being calculated in accordance with oral assurances he had received when he retired. Passarella, on the other hand, filed suit within months after the first actions by Kueffer Crane which could be considered a breach.

In *Palmer*, the plaintiff was given an oral assurance that he would receive ten percent of the stock of the defendant's corporation. The plaintiff never received the stock he had been promised but waited six years after the assurance to file suit for breach of contract. Passarella's agreement with Kueffer was for a five percent ownership interest in Kueffer Crane, and Passarella presented evidence that Kueffer treated him as a part owner throughout his employment at Kueffer Crane. For five consecutive years, Passarella received the value of the five percent interest he had been promised.

The trial court did not err in denying Kueffer Crane's motion for directed verdict on the statute of limitation defense.

3. Relying upon *Demer v. Capital City Cable*,[10] Kueffer Crane asserts that the alleged oral promise was too indefinite to be enforceable. " 'The test of an enforceable contract is whether it is expressed in language sufficiently plain and explicit to convey what the parties agreed upon. [Cit.]' [Cit.]"[11] " '[I]ndefiniteness in subject matter so extreme as not to present anything upon which the contract may operate in a definite manner renders the contract void.' [Cits.]"[12] "The law does not favor destroying contracts on the basis of uncertainty."[13]

Here, we find that the agreement was sufficiently plain and explicit as to what consideration Passarella was to receive for joining Kueffer's upstart corporation. This case is distinguishable from *Demer*, where the plaintiff asserted that a preemployment letter entitled him to $100,000 worth of stock under an equity participation plan, but conceded that " 'there were a great number of things to be agreed upon in the future' "[14] about his participation in the plan.[15] The plaintiff did not know the type, number, or issuer of the shares he expected to receive, did not know the valuation method for the

---

[8] 174 Ga. App. 430 (330 SE2d 102) (1985).
[9] 602 FSupp. 882 (N.D. Ga. 1984).
[10] 190 Ga. App. 40 (378 SE2d 162) (1989).
[11] Id. at 43.
[12] *Sanders v. Commercial Cas. Ins. Co.*, 226 Ga. App. 119, 120 (1) (485 SE2d 264) (1997).
[13] Id. at 121.
[14] *Demer*, supra, 190 Ga. App. at 42.
[15] See id. at 43 (nothing can be left to future negotiations).

shares, and did not know what the letter meant by such phrases as " 'certain conditions will apply to this arrangement' " and defendant will have " 'repurchase rights.' "[16]

Unlike the agreement in *Demer*, Passarella's agreement with Kueffer did not leave matters to future negotiations. We find that the instant agreement was sufficiently definite to authorize the trial court to deny Kueffer Crane's motion for directed verdict.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED DECEMBER 1, 2000 —
RECONSIDERATION DENIED DECEMBER 14, 2000 — 

*McGarity & Lloyd, J. Michael McGarity, Howard W. Reese III*, for appellant.

*Neil A. Moskowitz*, for appellee.