## A02A0380. BELCHER v. BREMER.
(560 SE2d 324)

PHIPPS, Judge.

Betty Belcher sued Gary Bremer for breach of an alleged oral agreement to sell stock in a closely held corporation.[1] The trial court granted summary judgment to Bremer on the ground that Belcher's claim was barred by the statute of frauds. Belcher appeals, but we agree with the trial court and affirm.

Undisputed evidence presented by Bremer shows that Belcher and a partner owned all the stock of Clinical Arts Home Care Services, Inc. (Clinical). In 1983, Community Health Services, Inc. (Community) — whose chairman and majority stockholder was Bremer — purchased all the shares of Clinical. In exchange for her shares in Clinical, Belcher received a portion of Community's outstanding stock. After the share exchange, Clinical continued to exist as a wholly owned subsidiary of Community until Community merged into Clinical in 1986. After the merger, Belcher owned a portion of the outstanding stock of Clinical.

In 1988, Clinical sold all of its stock to Central Health Holding Company, Inc. (Holding). In 1989, Clinical merged into Holding. Following these transactions, Belcher received shares of stock in Holding. In 1996, HCA, Inc. purchased Holding.

Belcher alleges that in 1986 Bremer told her that he was negotiating a merger with HCA. Even though Clinical's merger with Holding did not occur until 1989, Belcher claims that in 1986 she and Bremer entered into an oral agreement in which she would give Bremer three percent of her stock interest in Holding, and Bremer would give her three percent of the proceeds when Holding was sold or $20,000, whichever was greater. Belcher claims Bremer never honored their agreement.

Bremer moved for summary judgment, arguing, among other things, that the alleged oral agreement was barred by the statute of frauds set forth in former OCGA § 11-8-319. Belcher argued that exceptions contained in OCGA § 11-8-319 (b) removed the agreement from the statute of frauds. The trial court agreed with Bremer.

1. As an initial matter, we consider which version of the statute of frauds applies in this case. In 1986, the date of the alleged oral agreement, OCGA § 11-8-319 provided in relevant part:

A contract for the sale of securities is not enforceable by way of action or defense unless: (a) There is some writing signed by the party against whom enforcement is sought or by his

---

[1] Belcher also sued Bremer for fraud and conversion, but she does not appeal the trial court's grant of summary judgment to Bremer on those counts.

authorized agent or broker sufficient to indicate that a contract has been made for sale of a stated quantity or described securities at a defined or stated price; or (b) Delivery of the security has been accepted or payment has been made but the contract is enforceable under this provision only to the extent of such delivery or payment.

The statute was amended in 1992 to provide that a contract for the sale of securities must be in writing unless, among other exceptions,

(b) Delivery of a certificated security or transfer instruction has been accepted, or transfer of an uncertificated security has been registered and the transferee has failed to send written objection to the issuer within ten days after receipt of the initial transaction statement confirming the registration, or payment has been made. . . .[2]

Effective July 1, 1998, the General Assembly repealed OCGA § 11-8-319 and enacted OCGA § 11-8-113, which provides:

A contract or modification of a contract for the sale or purchase of a security is enforceable whether or not there is a writing signed or record authenticated by a party against whom enforcement is sought, even if the contract or modification is not capable of performance within one year of its making.[3]

In her brief, Belcher assumes, without discussion, that the 1992 version of OCGA § 11-8-319 applies. We agree with Bremer, however, that the earlier version which was in effect at the time of the alleged agreement applies. In general, we will not apply a statute retroactively unless the statute's language imperatively requires it.[4] Nothing in either the 1992 amendment to OCGA § 11-8-319 or the 1998 enactment of OCGA § 11-8-113 indicates that those statutes are to be applied retroactively. Moreover, both statutes substantively changed the law by first narrowing, and then eliminating, the circumstances under which an agreement to sell securities must be in writing. Legislation that affects substantive rights may operate prospectively only.[5]

Belcher claims that two exceptions contained in the 1992 version

---

[2] See Ga. L. 1992, p. 2626, § 3.

[3] See *Kueffer Crane &c. Svc. v. Passarella*, 247 Ga. App. 327, 328 (1) (543 SE2d 113) (2000).

[4] *Marek Interior Systems v. White*, 230 Ga. App. 518, 520 (1) (496 SE2d 749) (1998).

[5] *Hargis v. Dept. of Natural Resources*, 272 Ga. 617 (533 SE2d 712) (2000).

of OCGA § 11-8-319 (b) remove the agreement from the statute of frauds. First, she contends she told Bremer to transfer her stock certificates in connection with the sale. Even if Belcher's statement qualified as a transfer instruction within the meaning of the statute, the provision that an oral contract for the sale of securities is enforceable if a transfer instruction has been accepted is not found in the earlier version of OCGA § 11-8-319 (b) applicable in this case. The applicable version of the statute provides only that the contract is enforceable if delivery of the security has been accepted.[6] There is no evidence that Belcher ever delivered a security to Bremer in connection with their alleged agreement.

Second, Belcher argues that payment was made for the transfer as provided in OCGA § 11-8-319 (b).[7] She claims that Bremer's promise to pay her the greater of three percent of the sales price of Holding or $20,000 constituted payment under OCGA § 11-8-319 (b). But the statute provides that an oral contract for the sale of a security is enforceable if *payment* has been made, not if a promise to pay has been made. Belcher has presented no evidence that Bremer ever paid her. Rather, she sued him precisely because he had not.

Because Belcher failed to show that any exception removes her alleged agreement with Bremer from the statute of frauds in former OCGA § 11-8-319, summary judgment was appropriate.[8]

2. Alternatively, Belcher argues that OCGA § 11-8-319 does not apply because the alleged agreement involved stock in a closely held corporation, which is not a security within the meaning of the Commercial Code.

As Bremer points out, Belcher never raised this argument in the trial court. Therefore, we cannot consider it here.[9] Even if we could consider the argument, we squarely rejected it in *Thompson v. Kohl*.[10]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 14, 2002.

*Louis Levenson*, for appellant.
*Greenberg Traurig, Michael J. King, Joseph H. Akers*, for appellee.

---

[6] See OCGA § 11-8-319 (b) (1986).

[7] The payment exception to the statute of frauds is contained in both the 1986 and the 1992 versions of the statute.

[8] See *Godwin v. Westberry*, 231 Ga. 492, 493-494 (202 SE2d 402) (1973) (decided under former Code Ann. § 109A-8-319).

[9] See *Pfeiffer v. Dept. of Transp.*, 250 Ga. App. 643, 647 (3) (551 SE2d 58) (2001).

[10] 216 Ga. App. 148, 150 (1) (453 SE2d 485) (1994).