

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2006

# Siemens Fin Serv Inc v. Robert J Combs Ins

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4141

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Siemens Fin Serv Inc v. Robert J Combs Ins" (2006). *2006 Decisions.* Paper 1616.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1616

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 02-4141

———

SIEMENS FINANCIAL SERVICES, INC.,
f/k/a SIEMENS CREDIT CORPORATION

v.

ROBERT J. COMBS INSURANCE AGENCY, INC.
and ROBERT J. COMBS, individually,

ROBERT J. COMBS INSURANCE AGENCY, INC.,
ROBERT J. COMBS, and TRACKER AND ASSOCIATES, INC.

Third-Party Plantiffs

v.

SIEMENS INFORMATION AND COMMUNICATIONS NETWORKS, INC.,

Third-Party Defendent

Robert J. Combs Insurance Agency, Inc,;
Robert J. Combs; Tracker and Associates, Inc.,
Appellants

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 00-cv-5126)
District Judge: The Honorable Anne B. Thompson

———

Argued January 17, 2006
Before: ROTH, FUENTES, and BECKER, Circuit Judges.

(Filed: February 9, 2006 )

Robert J. Stickles (Argued)
Christoper J. Dalton
Klett Rooney Lieber & Schorling
550 Broad Street
Newark, New Jersey 07102

ATTORNEYS FOR THE APPELLANTS

Laurence R. Maddock (Argued)
Michael J. Breslin, Jr.
Donald J. Fay
Waters, McPherson, McNeill, P.C.
P.O. Box 1560
Secaucus, New Jersey 07096

ATTORNEYS FOR APPELLEE


OPINION OF THE COURT


FUENTES, Circuit Judge.

The Appellants, Robert J. Combs ("Combs"), Robert J. Combs Insurance Agency, Inc. ("Combs Insurance"), and Tracker Associates ("Tracker") appeal the District Court's decision granting summary judgment dismissing all of their claims against Appellee Siemens Information and Communication Networks, Inc. ("Siemens Information") and refusing to transfer the case to the Northern District of Georgia. For the reasons stated below, we affirm.

## I. Facts and Procedural History

Because we write only for the parties, we cite only the necessary facts.

Combs is a State Farm insurance agent who also owns and operates Tracker, a

corporation that provides educational seminars and materials, software, and other goods to State Farm agents. Tracker developed a protocol for integrating software programs called "Choices," but lacked the necessary capital to bring Choices into the market.

Siemens Financial Services, Inc. ("Siemens Financial") offers business financial services. Siemens Information, which offers businesses communications and network systems, is a subsidiary of Siemens Financial. In April 1999, Bob Buchan ("Buchan"), a Siemens Information salesman, invited Tracker to a meeting at Siemens' Atlanta facility in April 1999 to discuss the particulars of a joint effort regarding Choices.

Appellants allege that at the end of the April 1999 meeting, Tracker and Siemens Information reached an enforceable oral contract creating a joint venture between the two commercial entities to integrate the Choices technology with the telephony systems sold by Siemens Information. They allege that conversations they had with Siemens Information constituted one overall enforceable oral contract pertaining to the Choices integration, financing, commissions, and the creation of a marketing brochure, website, and help desk.

Due to various factors, most notably Siemens Information's difficulty integrating Choices with its telephony system, Siemens Information eventually abandoned the project. Tracker, Combs Insurance, and Combs bring claims for breach for contract, promissory estoppel, fraud and negligent misrepresentation, breach of implied and express warranty, and breach of fiduciary duty, and seek in excess of $ 5 million in damages, mainly in the form of future anticipated profits that Tracker allegedly lost on

anticipated sales of Choices units.[1]

The District Court granted summary judgment dismissing all claims against Siemens Information. The District Court found that the conversations between the parties did not, as a matter of law, create an oral contract or a basis for promissory estoppel. Regarding the remaining claims, the District Court found that there was no evidence that the statements Siemens Information made were knowingly false or made to deceive Tracker, and that there was no fiduciary relationship between the parties. The District Court denied the Appellants' motion to transfer the action to the Northern District of Georgia. The Appellants appeal the dismissal of their claims and the District Court's denial of their motion to transfer. This Court has jurisdiction pursuant to 28 U.S.C. § 1294 and Fed.R.Civ.P. 54(b).

### III. Discussion

### A. Summary Judgment

We review the District Court's ruling on summary judgment <u>de</u> <u>novo</u>. <u>See</u> <u>Curley v. Klem</u>, 298 F.3d 271, 276-77 (3d Cir. 2002). We apply the same test used by the District Court under Federal Rule of Civil Procedure 56(c). <u>See</u> <u>Kelley v. TYK Refractories Co.</u>, 860 F.2d 1188, 1192 (3d Cir. 1988).

Under Georgia law, which the parties do not dispute applies here, oral contracts

---

[1]Originally, this action was brought by Siemens Financial against Combs and Combs Insurance for failure to make payments on a series of leases Siemens Financial issued to Combs and Combs Insurance. Combs, Combs Insurance, and Tracker brought counterclaims against Siemens Financial and Siemens Information. The District Court granted summary judgment in favor of Siemens Financial on its claims and dismissing the counterclaims against Siemens Financial. The remaining counterclaims against Siemens Information are the subject of this appeal.

4

are enforceable. See Keuffer Crane & Joist Serv., Inc. v. Passarella, 543 S.E.2d 113 (Ga. Ct. App. 2001). In order to prove the existence of an oral contract, the Appellants must be able to prove the essential or material terms of the contract. See Burns v. Dees, 557 S.E.2d 32, 37-39 (Ga. Ct. App. 2001). In order to enforce a contract, a court must be able to determine the intention of the parties. See So. Prestige Homes, Inc. v. Moscoso, 532 S.E.2d 122, 125 (Ga Ct. App. 2000).

We agree with the District Court that no contract existed here as a matter of law. The Appellants point to a series of vague conversations between the parties that lack the sufficient detail to form an oral contract. For example, the Appellants argue that Siemens Information was contractually obligated to provide a marketing brochure that would reflect the relationship between Siemens Information and Tracker. Yet, as proof of this obligation, the Appellants point only to a dinner meeting, at which the parties did not even discuss, much less resolve, details such as how many brochures would be produced, when they would be produced, their length, who would be responsible for further production costs, who would distribute the brochures, who had creative control, and the cost limitations. Similarly, the Appellants can point to no discussions outlining any details of Siemens Information's alleged contractual obligation to provide a website and a help desk for customers. Although the Appellants allege that Combs and Siemens Information had a contract in which he would be provided a three percent commission for the sale of telephones, he admits that the parties never discussed when, where, and during what time period Siemens Information would pay commissions, and what the effect of returned merchandise would be on the commissions. (Joint Appendix ("JA") at 941.)

The Appellants also allege that Siemens Information was contractually obligated to provide all financing to prospective clients, based on a statement that Siemens Information made at a meeting that it would provide financing to prospective clients at "zero down and zero percent." (JA at 944.) This statement, however, lacks essential terms such as how long the offer would be available and liens, securities, and the guarantees that would be involved. (JA at 134, 939, 944-45.)[2]

Given the ambiguity of the Appellants' allegations, the District Court correctly found that the oral contract claim could not survive summary judgment. Where such material terms are left unspoken or for future negotiations, Georgia law prohibits courts from attempting to ascertain the intentions of the parties by conjecture. See Burns, 557 S.E.2d at 38l; see, e.g., Auckerman v. Witmet, 568 S.E.2d 123, 127 (Ga. Ct. App. 2002) (holding no oral contract existed for purchase of plaintiff's shares because "even if the parties settled on an overall purchase price for Auckerman's shares in December 1999, they never agreed on the structure of that sales transaction" and thus court was "left to guess . . . about fundamental components of that transaction, such as pricing structure, tax treatment, and whether the parties intended an option agreement or a straight purchase").

The Appellants also allege that Siemens Information was contractually obligated to integrate the Choices software with the Siemens telephony so that a particular "screen-pop" feature would function properly. (JA at 107-08, 319, 395.) This allegation is based

---

[2] Moreover, as Siemens Information notes, the Appellants put forth no evidence, and do not even appear to allege, that Siemens Information failed to provide this financing to clients. Therefore, even if this statement constituted an oral contract, there is no material issue of fact as to whether the contract was breached.

upon one conversation in the parties' initial meeting where, Combs testified, Buchan promised Combs that Siemens Information would "run [Choices] through labs and test it." (JA at 395.) Combs testified that this was the sole time that he was promised the successful integration of Choices with the Siemens telephony. (JA at 397-98.) However, this statement was only a promise to test the software, which the Appellants admit Siemens Information repeatedly did. The Appellants also point to a "Vision Document," created by Buchan for a December 1999 meeting, which lists "insuring screen pop integrity" among a list of "Siemens Responsibilities." (JA at 590-91.) Yet this document, as indicated by its name, is a proposal for a tentative plan of action rather than a binding agreement. Furthermore, it was never agreed to by the parties. (JA at 547-48.) Moreover, before the integration was attempted, Siemens Information informed the Appellants in writing of the possibility that the integration might not be successful. Siemens Information sent the Appellants documents entitled "Custom Exhibits," which explicitly stated that "[i]f the system mentioned does not meet the requirement discussed in our meeting Siemens will de-install the system at no charge to you." (JA at 619-21). Thus, Siemens Information provided the Appellants with notice that integration might not be possible and, if that were the case, Siemens Information would provide the remedy of deinstallation. (Id.)

We find unconvincing the Appellants' argument that, to the extent that these oral contracts were initially vague, they were clarified by the parties' subsequent conduct. Although, under Georgia law, a contract that is indefinite at first "may later acquire more precision and become enforceable because of the subsequent actions of the parties,"

Sanders v. Commercial Casualty Co., 485 S.E.2d 264, 267 (Ga. Ct. App. 1997), the subsequent conduct must remove the specific ambiguities at issue. Burns, 557 S.E.2d at 37; Arby's Inc. V. Russell L. Cooper, 454 S.E.2d 488, 489 (Ga. 1995). The Appellants do not demonstrate any subsequent behavior that resolves the ambiguities described above. On the contrary, some of the conduct alleged demonstrates that the parties lacked a binding contract. For example, shortly before Siemens Information decided not to continue to pursue the project, Combs demanded a higher commission and to have an agreement put into writing after negotiating more favorable terms with a Siemens competitor. These actions support the conclusion that the parties had no binding contract with respect to these material terms, and that Combs was still negotiating with Siemens and its competitors for a binding contract.

Similarly, we reject the Appellants' argument that, even if Siemens Information's statements did not create a binding contract, the Appellants may enforce the above alleged agreements under the theory of promissory estoppel. Under Georgia law, promissory estoppel cannot be based upon vague, indefinite promises. See Floey Co. v. Warran Eng'g, Inc., 804 F. Supp. 1540, 1544 (N.D. Ga. 1992); Jackson v. Ford, 555 S.E.2d 143, 148 (Ga. Ct. App. 2001); Mooney v. Mooney, 538 S.E.2d 864, 866 (Ga. Ct. App. 2000). Although the promise need not meet the formal requirement of a contract, it must have been communicated with sufficient particularity to be enforced. Mooney, 538 S.E.2d at 868. Here, for the reasons described above, the alleged promises were too vague to support a claim of promissory estoppel.

We also agree with the District Court that these alleged promises do not support

8

claims of fraud and negligent misrepresentation. The Appellants provide no evidence that Siemens Information knew its statements to be false at the time they were made, as is required for a claim of fraud seeking damages. See Gaultney v. Windbum, 109 S.E.2d 914, 918 (Ga. App. Ct. 1959). On the contrary, all the evidence supports the conclusion that Siemens Information intended to go forward with the project had it not been for the difficulties it encountered integrating the systems. The Appellants' claims for negligent misrepresentation also must fail because such claims must be based on a representation about a current fact, and cannot be based on "mere broken promises, unfilled prediction or erroneous conjecture as to future events." Next Century Comms. Corp. v. Ellis, 318 F.3d 1023, 1027 (11th Cir. 2003) (per curiam) (quoting Fuller v. Perry, 476 S.E.2d 793, 796 (Ga. Ct. App. 1996)); GCA Strategic Inv. Fund, Ltd. v. Joseph Charles & Assocs., Inc. 537 S.E.2d 677, 682 (2000) (stating that "representations consisting of mere expressions of opinion, hope, expectation, puffing, and the like" could not form the basis of negligent misrepresentation claim).

The Appellants' remaining claims for breach of fiduciary duty and breach of warranty must fail because the Appellants do not put forth evidence of the elements necessary to support these claims. With respect to the claim for breach of fiduciary duty, there is no indication that a confidential relationship existed between Siemens Information and the Appellants in the form of a partnership or joint venture. The Appellants have provided no evidence of mutual control or joint liability existed between the parties, which are necessary for the formation of a joint venture or partnership, respectively. See O.C.G.A. § 14-8-9 (2001); Atlanta Metallic Casket C. v. Southeastern

9

Wholesale Furn. Co., 61 S.E.2d 196, 199 (Ga. Ct. App. 1950). Similarly, the Appellants' claim of breach of warranty must fail because there is no evidence that Siemens Information made any sale as defined by the U.C.C. O.C.G.A. § 11-2-106. A sale is defined as "the passing of title from the seller to the buyer for a price." Id. There can be no warranty in the absence of a sale. See O.C.G.A. § 11-2-213; Stewart v. Gainesville Glass Co., 206 S.E.2d 857, 860 (Ga. Ct. App. 1974), aff'd, 212 S.E.2d 377 (Ga. 1975). Here, the Appellants claim breach of warranty based on the sale of Siemens Information's telephones, yet Siemens Information did not sell phones to the Appellants; the Appellants organized the sale of Siemens Information's phones to third parties for a commission. Thus, only those third parties to whom Siemens Information sold telephones would be able to bring a breach of warranty claim against Siemens Information. See Stewart, 206 S.E.2d at 860.

In sum, we find that the Appellants have not put forth sufficient evidence to survive summary judgment on their claims.

### B. Motion to Transfer

We review the District Court's denial of the Appellants' motion to transfer for abuse of discretion. U.S. v. Inigo, 925 F.2d 641, 654 (3d Cir. 1991). Because we find that the District Court was correct in granting summary judgment dismissing the Appellants' claims against Siemens Information, this issue is moot.

### IV. Conclusion

For the foregoing reasons, the judgment of the district court will be affirmed in its entirety.