A06A2306. CPD PLASTERING, INC. et al. v. MILLER.
(643 SE2d 392)

MILLER, Judge.

Gerald Miller sued CPD Plastering, Inc. and CPD Plastering of Ohio, Inc. (collectively, "CPD") for breach of an oral employment agreement for commission payments. The parties submitted the case to a special master for a hearing on specified factual issues. After the special master made his findings of fact, the parties filed cross-motions for summary judgment. The trial court denied CPD's motion, granted Miller's motion, and awarded Miller unpaid commissions, attorney fees, and litigation expenses. CPD appeals, and for reasons that follow, we affirm.

In reviewing the grant or denial of summary judgment, we apply a de novo standard of review and construe the evidence, and all reasonable inferences therefrom, in favor of the party opposing summary judgment. See *Harvey v. J. H. Harvey Co.*, 256 Ga. App. 333, 334 (568 SE2d 553) (2002). So viewed, the record shows that from 1995 to March 2003, Miller worked as an estimator for CPD, drafting bid estimates for plastering contracts. Although he performed most of his bid work for CPD Plastering, Inc., he also generated some bids that led to contracts for CPD Plastering of Ohio, Inc.

Miller's compensation plan included an oral commission agreement based on a formula relating to the gross profit earned by CPD on each contract that resulted from Miller's estimated bids. The commissions became payable only after CPD closed the job following receipt of final payment or release of the "retainage." At that point, the gross profit could be calculated. Until June 2000, Miller was responsible for submitting worksheets to CPD computing his commissions.

It appears that Miller prepared and submitted commission worksheets approximately every two years. In 1996 and 1998, he submitted his calculations to CPD and received commission payments. In January 2000, however, CPD informed Miller that finan-

cial data he needed for his commission calculations had been destroyed by "Y2K"[1] problems. Miller could not calculate gross profits from jobs affected by the data loss, and the parties never agreed on a methodology for supplementing or re-creating the data, so Miller did not present additional worksheets. In June 2000, CPD adopted a new accounting system and began calculating Miller's commissions. After that point, Miller was not required to prepare commission worksheets.

Between 1998 and early 2002, CPD did not pay Miller any commissions. Beginning in 2002, CPD made some commission payments based on calculations generated by its new accounting system. Miller claimed, however, that CPD owed additional payments.

Miller voluntarily left CPD's employment in March 2003. He filed suit on November 11, 2003, seeking unpaid commissions and litigation expenses. The parties subsequently submitted the case to a special master to make detailed factual findings regarding jobs procured through Miller's bid work and the commissions associated with those jobs. The parties also asked the special master to determine whether Miller had established a basis for recovering attorney fees and litigation expenses under OCGA § 13-6-11, and if so, the amount of recoverable fees and expenses.

The special master held an evidentiary hearing, made findings of fact on the issues requested by the parties, and calculated commissions relating to the jobs bid by Miller. The special master also determined that Miller had established grounds for recovering attorney fees and litigation expenses in the amount of $44,165.98. After the special master made his findings of fact, the parties filed cross-motions for summary judgment in the trial court, asserting that the following limited issues remained for resolution by that court: (1) whether the four-year statute of limitation bars claims for certain commissions; and (2) whether Miller can recover commissions that became payable after he left CPD in March 2003. CPD also argued below that Miller is not entitled to recover attorney fees.[2]

Granting summary judgment to Miller, the trial court concluded that the statute of limitation does not bar claims for any commissions included in the special master's findings of fact. It also determined that Miller is entitled to collect commissions on jobs he bid that were not completed until after he left the company. Additionally, the trial

---

[1] Year two thousand.

[2] In addition, CPD claimed that various commission payments would be the sole responsibility of CPD Plastering of Ohio, Inc. The trial court ruled in CPD's favor on this ground, which is not at issue on appeal.

court rejected CPD's challenge to the special master's attorney fee finding, awarding Miller $44,165.98 in attorney fees and litigation expenses.

1. CPD first argues that the trial court erred in granting Miller summary judgment because the parties never agreed on the material terms of the oral commission contract, which is too indefinite and uncertain to be enforced. CPD, however, did not raise this issue during the summary judgment proceedings. On the contrary, it *admitted* that the parties entered into an oral agreement for payment of commissions based on a specified formula. CPD did not challenge the agreement as unenforceable. Rather, it asserted that given the facts and applicable statute of limitation, it is not liable for certain commissions claimed by Miller.

On appeal, CPD seeks to alter course mid-stream, questioning the existence of an agreement it admitted in the trial court. This it cannot do. As we have held, " '[i]ssues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken. One may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on [below].' " *Assn. Svcs. v. Smith*, 249 Ga. App. 629, 632 (1) (549 SE2d 454) (2001); see also *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 828-829 (2) (573 SE2d 389) (2002) (Court of Appeals properly refused to review argument made in opposition to summary judgment that was raised for the first time on appeal). Accordingly, this enumeration of error lacks merit.

2. Next, CPD asserts that the trial court improperly granted Miller summary judgment on commissions relating to jobs bid and closed before November 13, 1999 ("the pre-November 1999 commissions"), four years prior to the date Miller filed suit. It argues that claims for such commissions fall outside the four-year limitation period governing oral contracts. See *Kueffer Crane &c. v. Passarella*, 247 Ga. App. 327, 329 (2) (543 SE2d 113) (2000). We disagree.

"A cause of action accrues when the plaintiff could have first maintained the action to a successful result." (Citation and punctuation omitted.) *Kueffer Crane*, supra, 247 Ga. App. at 329 (2). The evidence shows that prior to June 2000, Miller's commissions did not become payable until Miller submitted a worksheet calculating the commissions. Miller received a full commission payment in 1998 based on the worksheet he prepared that year. After that, he did not submit any worksheets or commission calculations to CPD. Without such calculations, the commissions were not payable. In other words, CPD had no obligation to pay the commissions when the limitation

period commenced in November 1999. Pretermitting when the payment obligation arose, it certainly did not accrue prior to November 13, 1999.[3]

While CPD offered evidence below that Miller breached the commission agreement by failing to submit commission worksheets every six months, it does not raise this argument in its enumerations of error. CPD focuses instead on the statute of limitation relating to the pre-November 1999 commissions. Regardless of whether Miller *should have* submitted a commission worksheet earlier, the fact remains that he did not do so prior to November 13, 1999, and CPD's obligation to pay did not accrue before this date. Accordingly, the four-year statute of limitation does not bar claims for the pre-November 1999 commissions. See *Douglas & Lomason Co. v. Hall,* 212 Ga. App. 475, 477 (1) (441 SE2d 870) (1994) (statute of limitation on claim for commission commenced on date commission became due).

3. CPD also argues that it is not responsible for commissions on jobs bid by Miller, but closed out after Miller voluntarily left CPD's employment. According to CPD, Miller was obligated to perform work on each job until it closed and thus is not entitled to these commissions. Again, we disagree.

CPD admitted below that the parties entered into an oral agreement "to pay a commission for jobs *bid by Gerald Miller.*" (Emphasis supplied.) The commission was based on a percentage of gross profits CPD earned on the job. Nothing in the agreement conditioned payment on Miller's performance of post-bid work.[4] On the contrary, it focused on his bid. If Miller prepared a bid estimate on a job CPD obtained, he earned a commission. Extrinsic evidence regarding the parties' intent cannot undermine the clear, unambiguous language of this admitted agreement. See *Jones v. Destiny Indus.,* 226 Ga. App. 6 (2) (485 SE2d 225) (1997); *Howell Mill/Collier Assoc. v. Pennypacker's, Inc.,* 194 Ga. App. 169, 173 (3) (390 SE2d 257) (1990) (cited by *Jones,* supra).

Moreover, absent a forfeiture clause, the Court will not strip a former employee of earned commissions, even if those commissions became payable after termination. See *Russell v. KDA, Inc.,* 206 Ga. App. 397, 399 (2) (425 SE2d 406) (1992); see also *E. D. Lacey Mills, Inc. v. Keith,* 183 Ga. App. 357, 359-360 (2) (359 SE2d 148) (1987) (following termination, terminable-at-will employee who performed

---

[3] CPD's payment obligation arguably did not arise until it took over the commission calculations in June 2000.

[4] We note that CPD paid Miller both a salary and a commission. Thus, although his commission was tied to his bid work, he also received salaried compensation that presumably related to other aspects of his work.

services under an employment contract may recover from employer compensation — including commissions — due for services rendered). The agreement in this case did not provide for forfeiture upon termination. Thus, although Miller left CPD before some of the jobs he bid were closed out, we cannot find that, in doing so, he gave up his already-earned commissions. The trial court, therefore, properly awarded Miller commissions relating to jobs bid on before he left the company, but closed out after his departure.

4. Finally, CPD argues that the trial court's award of attorney fees and litigation expenses must be reversed because the oral agreement for commissions is unenforceable. As discussed in Division 1, however, CPD admitted below that an oral contract existed, and it never challenged the enforceability of the agreement. Accordingly, this enumeration of error presents no basis for reversal.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 13, 2007 — 

*Howard, Clark & Mercer, Christopher C. Howard, Jr., Seacrest, Karesh, Tate & Bicknese, Karsten Bicknese*, for appellants.
*Albert L. Norton, Jr., Harry L. Sivley III*, for appellee.